## JOHN C. GIBBONS ET AL. v. M. G. EWER ET AL.

### (No. 842.)

POWER OF ATTORNEY.— "To make sale of all or a portion of my property, if directed by me or my lawful heirs by letters to that effect," etc., held insufficient unless under prescribed conditions.

APPEAL from Lamar county.   Opinion by WALKER, J.

STATEMENT.— This is an action of trespass to try title, brought by appellees, M. G. Ewer *et al.,* as heirs of Lemuel Ewer, deceased, to recover of appellants, John C. Gibbons *et al.,* the heirs and administrators of Epps Gibbons, deceased, three hundred and twenty acres of land in Lamar county.   Plaintiffs pray for judgment recovering the land, for possession, and that all clouds be removed from their title, and petition is indorsed as usual in an action of trespass to try title.   Defendants below pleaded "not guilty;" statutes of limitation of three, five and ten years, and by special plea set up that defendants and Epps Gibbons, under whom they claim, have had quiet, peaceable and uninterrupted possession of the premises for more than thirty years before this suit, holding under a deed executed by Lemuel Ewer (plaintiffs' ancestor), by his agent and attorney in fact, John L. Moore, to Epps Gibbons; and that John L. Moore made the deed to Gibbons as agent for said Ewer, acting under his instructions and under a valid power of attorney; that Gibbons paid a full, fair and adequate consideration for the property, took possession of the same immediately after his purchase, placed his deed upon record, made valuable improvements worth $1,000 with the full knowledge and consent of Ewer; said Ewer, fully understanding all the circumstances, ratified the sale and fully acquiesced in it for a number of years, and, in fact, as long as he lived; that plaintiffs have never set up claim to the property until this suit was brought (June 14, 1880), although they knew the deed had been executed under said power of attorney, and that the title had passed out of

plaintiffs' ancestor for more than thirty years, and that their claim is a stale demand, etc. Cause tried without a jury May 19, 1882, with judgment in favor of plaintiffs, M. G. Ewer *et al.*, for the recovery of the land, that they be quieted in their title, for a writ of possession, costs, etc.

Defendants filed their motion for a new trial May 20, 1882, which was overruled the same day, and defendants gave notice in open court of appeal to the supreme court, filed their appeal bond and assignment of errors, and bring the case up by appeal.

OPINION.— The merits of this suit turn upon the question whether the deed of conveyance relied on by the appellants, to the land in controversy, from Lemuel Ewer, plaintiffs' ancestor, made by John L. Moore, acting as agent for him under a certain power of attorney, was intended to pass the title to the land *in presenti* and absolutely, or whether it constituted and evidenced but a portion of an entire contract which was of an executory character, the conclusiveness and finality of which deed, as a conveyance of title under said contract, being dependent upon the consummation of the contract considered as an entirety.

The defense set up against the deed was that, although it was absolute and unqualified in form as an apparent assurance of title, it was, in fact and in legal effect, an instrument of writing intended to perform the office of conveying the land described in it in consideration of the exchange of tracts of land between the grantor and grantee, and that the latter, Epps Gibbons, on his part, in pursuance of that agreement, and as a part thereof, had made and delivered to Lemuel Ewer, the grantor in the deed, his bond for title, stipulating to convey to him two specified tracts of land, embracing a like quantity as that included in the deed, as soon as he, said Epps Gibbons, could obtain a patent for said land from the government, and binding himself to use diligence to procure the patent; that said Gibbons had failed to comply with the terms of his bond, and that the

contract had been abandoned. The deed and bond were executed and delivered on September 24, 1845. The former was witnessed by B. K. Clark, the latter by said Clark and one L. V. Moore.

The judge trying the case, among his other findings, found that the deed was executed and delivered by one Moore, acting under a power of attorney from Lemuel Ewer, which deed was never ratified nor acquiesced in by said Ewer; that the consideration of the deed was a bond for title, such as is above described.

The court also found that the transaction between the parties was for a barter or exchange of lands; that Epps Gibbons was in possession of the land at the date of the deed, and so continued until the year 1852, when, his improvements being partially destroyed, he removed from the land and disposed of the remaining improvements; that when said Gibbons removed from the land the barter of lands between him and Ewer was considered abandoned by both parties; that Lemuel Ewer rendered and paid taxes on the land in controversy from date of patent, July 8, 1845, until his death in 1860, since which time they have been paid by his heirs; that neither Epps Gibbons nor his heirs have ever paid any taxes on the land in controversy from date of patent, July 8, 1845, until his death in 1860, since which time they have been paid by his heirs; that neither Epps Gibbons nor his heirs have ever paid any taxes on the land until this suit was brought, June 14, 1880; that since the abandonment of the possession of the premises in controversy by Epps Gibbons, in 1852, no one has had possession until within twelve months before the bringing of this suit, when defendants took possession of the same.

Upon these and other findings of fact the court found, as a deduction of law, that plaintiffs are entitled to a judgment for the land in controversy and for their costs. The power of attorney above referred to contained a provisional authority, namely, for the sale of property by the attorney in fact.

The third clause was to the following effect, namely: "To make sale of all or a portion of my property, if directed by me or my lawful heirs by letters to that effect, and generally to do whatever my said attorney may think best to promote my interest."

The power in itself being insufficient to authorize the attorney to sell or convey unless under the prescribed conditions, and no authority under such power having been shown, the defendants relied upon showing by evidence a ratification and adoption by Ewer of the deed of conveyance made by Moore under said power. There is a want of the circumstances of long possession, cultivation and use, accompanied by continued acquiescence on the other side, as in McDow v. Rabb, 56 Tex., 158, or of such circumstantial evidence of the former existence of due and ample authority traced to a distant and remote period, under which, after such a lapse of time, it was allowed to be presumed the conveyance was made, in Watrous v. McGrew, 16 Tex., 513; Daily v. Starr, 26 Tex., 566. If the deed and bond were executed contemporaneously for the purpose of exchange, they are deemed and construed as one instrument. Dunlap v. Wright, 11 Tex., 597. The legal effect would be, as between the parties, to entitle the grantor in the deed to enforce a reconveyance of the legal title in case of the default of the grantee to comply with his obligation to convey the land, or whenever he should see proper to abandon the contract thus made to exchange lands. Ross v. Armstrong, 25 Tex. Supp., 369.

The conclusions of the court upon the evidence are well supported and are entitled to the same consideration as would be the finding of a jury, and we perceive no sufficient reason for disturbing the special findings, either of fact or law. The judgment, therefore, ought to be affirmed.

AFFIRMED.