D. DAILEY AND OTHERS V. J. H. STARR AND ANOTHER, ADMIN-
ISTRATORS, &C.

See this case for circumstances under which it was held proper to admit in
evidence a deed executed by an attorney in fact without proof of his au-
thority to act in that capacity, a power of attorney to him being pre-
sumed.

This court declines to lay down any general rule assuming to define the cir-
cumstances under which deeds will be presumed to have existed.

The plaintiffs were permitted in the court below to make proof of the noto-
riety of the claim of their intestate and his co-vendee to the land in con-
troversy: *Held* to be correct as tending to show acquiescence on the part
of the former owner and his heirs, and to strengthen the presumption that
the title had passed from them to the plaintiffs' intestate and his co-
vendee.

A judgment will not be reversed on account of the improper admission of
testimony, when the other facts in evidence and the legal presumptions
are sufficient to sustain the verdict.

APPEAL from Tyler. Tried below before the Hon. J. M. Maxey.

This was an action of trespass to try title brought by the ap-
pellees as administrators of Frost Thorn, deceased, against Daniel
Dailey and several other persons.

The land in controversy was a portion of a five league tract
granted in 1834 by the Mexican government to Gavino Aranjo.
Both parties claimed under the grant, the validity of which was
consequently not questioned.

The petition was in the usual form, alleging ownership gen-
erally by the plaintiffs as administrators, without disclosing their
title, or alleging any loss of papers pertaining thereto. The de-
fendants claimed under deed from the heir of Gavino Aranjo, the
original grantee, made in 1856; the plaintiffs under a conveyance
made on the 20th of March, 1837, by Peter E. Bean as attorney
in fact of Aranjo, the grantee. The case turned upon the suffi-
ciency of this latter conveyance to vest title in Thorn, the
plaintiffs' intestate, and his co-vendee, John T. Pinckney, between
whom there had been a partition, the land in controversy being
allotted to Thorn. No power of attorney from Gavino Aranjo to

Bean was in evidence, nor proof that such had ever existed, except by declarations of Aranjo in 1831. The plaintiffs introduced quite a number of leases and deeds executed at various times since 1838 to sundry parties, by Thorn or Pinckney, or the plaintiffs as administrators of the former, for portions of the land in controversy, and also evidence of possession by the lessees and vendees. Also, that the claim of Thorn and Pinckney to the land had been matter of general notoriety from the first settlement of the country, and that no other title had been set up thereto until about the time of the record of the defendants' title from the heir of Aranjo, made in 1856.

To all this evidence the defendants interposed ineffectual objections, and to the overruling of which they excepted, upon grounds sufficiently indicated in the opinion of the court. (The portion of the record showing the form of authentication of the deed from Bean to Thorn and Pinckney, held to be sufficient by this court, is missing.)

The jury returned a verdict in favor of the plaintiffs; the defendants moved for a new trial, which was refused, and they appealed.

*T. J. Word*, for the appellants.—The appellees treated the conveyance from Bean as the deed of Aranjo by Bean as his agent; and by permission of the court, over the objection of the appellants, the appellees introduced evidence, not only of the *existence* of the power, but of its contents. And this is the great error of the rulings in this case.

The petition, it will be kept in mind, has no foundation for this testimony. The principle universally prevails that there must be a foundation laid for the introduction of proof, and I cite but one authority on this plain principle. (16th Tex. R., 399, 408.)

But further, if the petition had contained the proper allegations of the existence and loss of the power of attorney, an affidavit by the plaintiffs of these facts was necessary, before the proof could be admitted. (13th Tex. R., 482; 16th Tex. R., 541.) This testimony, being thus admitted, is confidently believed to be error for which the case should be reversed.

Again: When the testimony of the witness, Belt, was admitted over the objection of the appellants, it disclosed the fact that better evidence than his, the power of attorney itself, existed; and that the conversation which he detailed as having occurred between Bean and Aranjo was prior to the survey or extension of title, and three years before Bean acted under this power; and when he did act, he represented himself as attorney to get the land for his "constituent." This conversation was merged in the written power. And when a party holds back better evidence than that which he offers, the presumption of law is that the higher grade of evidence thus withheld, if introduced, would be against the party. (1st Greenl. Ev., sec. 82 to 88.)

Was the power of attorney a necessary link in the appellees' title? They thought so, and undertook to supply its place by Belt's testimony. And if it was necessary, as I insist, then it should have been produced and proven. (13 Tex. R. 298, 307; 16 Tex. R., 506, 513.) The case of Watrous v. McGrew, last cited, is so very like the case under consideration, especially as to the power of attorney, that I invite particular attention to it.

That the power of attorney could not be presumed under the circumstances of this case, counsel cited 3 Johns. R., 291; 9 Serg. & Rawle, 39, and 4 Phil. Ev., 366.

*Pedigo & Minter*, also for the appellants.

*George F. Moore*, for the appellees.

BELL, J. There were many bills of exception taken in the course of the trial of this case in the court below, and numerous errors are assigned, some of which we deem only worthy of a passing notice. In relation to the first exception taken, which was to the admissibility of the deed from Bean to Thorn and Pinckney, on the ground that it was not properly authenticated for record, we think it sufficient to say, that the authentication was in the form commonly in use in those days, and although it may be slightly obnoxious to verbal criticism, it has always been held to be in compliance with the statute.

The main question in the case arises upon the ruling of the court below admitting in evidence the deed from Bean to Thorn and Pinckney, without the production of any power of attorney from Aranjo to Bean, and upon the charge of the court.

We deem it unnecessary in this case to enter at large into a discussion of the doctrine of presumed grants. It is contended by counsel for the appellants that the doctrine ought not to be applied in this country, where the law makes provision for the registration of deeds. This question was discussed in the case of Doe v. Hirst, 11th Price, 475. The better opinion seems to be, says Mr. Greenleaf, that though the court will not, in such case, presume the existence of a deed as a mere inference of law, yet the fact is open for the jury to find as in other cases. (1st Greenl. Evid, page 60, note 3.) It seems however to be well settled that the power to execute a deed will in many cases be presumed. (2d Cow. & Hill's Notes to Phillips on Evid., pages 812, 813. See, also, the case of Watrous v. McGrew, 16th Tex. Rep., 506, and cases cited.)

In the present case there are circumstances in evidence, beyond the execution of the deed from Bean to Thorn and Pinckney, and the recital contained in it that Bean was the attorney in fact of Aranjo, to aid the presumption that such was the fact, and that a power of attorney from Aranjo to Bean did exist. In the original title papers of Aranjo, which were in evidence, it is shown that Bean made application as the attorney of Aranjo, for the survey of the land, and the extension of final title. In his application to the commissioner Aldrete, he asserts that he is the attorney of the citizen Gavino Aranjo, and makes reference to documents 1 and 2 annexed to his application as evidence of the fact. The commissioner, in making the order of survey, refers to " accompanying documents," and says " let the documents claimed by the party be returned to him," which may be supposed to refer to documents claimed by Bean.

The deed from Bean to Thorn and Pinckney was executed on the 20th of March, 1837. In this deed he describes himself as the attorney in fact for Gavino Aranjo. He also warrants the title against all persons claiming either under Aranjo or himself.

It is shown that the original testimonio issued to Aranjo was in the possession of Thorn and Pinckney from the time of their purchase from Bean, and had been recorded by them at the date of the purchase from Bean. Visible and notorious acts of ownership over the land, from the year 1839 until the institution of this suit, were shown to have been exercised by Thorn and Pinckney, and their representatives, and those claiming and holding under them, accompanied by payment of taxes. Under these circumstances, we are of opinion that the court below did not err in instructing the jury that a power to sell in Bean would be presumed.

Nor do we think there was error in permitting the plaintiffs below to make proof of the notoriety of their claim of title. Such evidence tended to show acquiescence in their claim by Aranjo and his heirs, and to strengthen the presumption that the title had passed from them.

In relation to the testimony of the witness, Belt, it may be remarked, that even if it were improper to admit his statement that he had heard Aranjo say that he had given Bean a power of attorney authorizing him to get the title to the land and sell the same, the judgment ought not to be reversed for this cause, because the other facts in evidence were sufficient to authorize the presumption that such a power of attorney existed, and the jury acted under the instruction of the court in indulging the presumption. The other statement of the witness, Belt, that he had heard Aranjo say that he had sold the land to Bean, and that Bean had paid him for it, only tends to raise the additional presumption that the power of attorney from Aranjo to Bean was merely a form to secure to Bean what had really been sold to him and paid for by him.

It would be difficult to lay down, so as to answer any beneficial purpose, the circumstances under which deeds will be presumed to have existed. But there is in the present case so many badges of a meritorious title in the appellees, that we think the court below did not err in instructing the jury to indulge the presumption, which alone was wanting to give it legal efficiency.

There was no error in admitting in evidence the record of the

District Court of Tyler county, showing partition between Thorn and the heirs of Pinckney, and the copy of the decree of the Probate Court of Nacogdoches county, showing partition between the estate of Frost Thorn and the surviving wife of said Thorn. These decrees constituted links in the chain of title of the plaintiffs below.

The judgment of the court below is affirmed.

. Judgment affirmed.