## M. A. VERAMENDI ET AL. V. W. J. HUTCHINS ET AL.

(Case No. 1140.)

1. JURY COMMISSIONERS — OBJECTIONS TO.— The fact that the father of a jury commissioner is or has been a party to the suit, or that the commissioner is a merchant doing business in the vicinity of the land in litigation, and several of the defendants trade with him, are neither of them objections which disqualify a commissioner or good ground for quashing the panel of petit jurors.

2. OBJECTIONS TO JURORS — INTEREST — RELATIONSHIP.— That a juror lives upon the land involved so as to be interested in the particular suit, or is related within the third degree to any of the parties, is a sufficient objection against him individually, but does not require the quashing of the panel.

3. CLAIM BY LIMITATION — SUFFICIENT DESCRIPTION.— Where part of the land sued for is claimed by limitation, and the plea describes that part so that it can be easily identified, the description is sufficient.

4. AUTHORITY TO SELL PRESUMED — CHARGE OF THE COURT.— Where community property was sold by the husband after the death of the wife, and there was a great lapse of time, together with long possession, under a bond for title, by defendants, before suit was instituted by the heirs of the wife to recover the land, *held*,

(1) That the jury was authorized to presume that there were community debts or such other circumstances as authorized the husband to make the sale.

(2) That the charge of the court went too far in telling the jury that after the great lapse of time it was a presumption of law that the husband had authority to sell; but where the assignment of errors is too general to require the court to revise the charge, and especially where, under the facts, any other verdict would have been against the evidence, the error becomes immaterial.

(3) That where there was only negative evidence against the above presumption, the witnesses confessing ignorance of the state of affairs, a charge to the jury that if it had been proven that there were no community debts the husband was not authorized to sell his deceased wife's interest, was properly refused by the court.

APPEAL from Colorado.   Tried below before the Hon. Everett Lewis.

A full report of this case will be found in 48 Tex., 531, when it was before the court on a former appeal. The case was then reversed and remanded. There was no

change in the pleadings after the case was remanded, except that Veramendi and other plaintiffs demurred specially to Hutchins and other defendants' answer setting up limitation, on the ground that the land claimed by them was not sufficiently described by metes and bounds as to each defendant; which demurrers were overruled and the appellants save the point by bill of exceptions.

Veramendi then moved the court to quash the panel of petit jurors impaneled for the first week of the court, because the one of the jury commissioners who drew the jury was the son of one of the original defendants, the suit having theretofore been dismissed as to him; one of the jury commissioners was a merchant living in the neighborhood where the land was situated, and that several of the jurors lived in the neighborhood and had relatives living on the land. The motion was overruled and Veramendi also saved the point by bill.

March 5, 1879, the case was called for trial, and Veramendi dismissed as to all the defendants occupying and claiming the eighteen hundred acre survey on the upper part of said league, and prosecuted the suit as to those occupying the lower part of said league, viz.: J. D. Andrews, W. J. Hutchins, J. M. Woolsey, Wiley M. Woolsey, J. T. Eason, W. W. Townsend, Henry Dryer, A. Schrimsher and Mrs. F. Townsend. The trial resulted in a verdict and judgment for the defendants; after which Veramendi and others compromised and settled the matter with all the defendants except J. D. Andrews and W. J. Hutchins. This appeal was taken as to them.

The errors relied on are: 1st. The court erred in overruling Veramendi's motion to quash the panel of petit jurors. 2d. The court erred in overruling Veramendi's exceptions to Hutchins' answer setting up limitation. 3d. The court erred in the charge to the jury. 4th. The court erred in refusing to give the charge asked by appellants.

*John T. Harcourt,* for the appellants.

I. Where the defendant in an action of trespass to try title shall set up title to the land, or any part thereof, either by possession or otherwise, he shall be required to plead the same, and in the plea shall set out the land so claimed by him by metes and bounds with the same precision as the plaintiff is required to do. Redding *v.* Redding, 15 Tex., 251; Horton *v.* Crawford, 10 Tex., 382.

II. The court erred in overruling the motion for new trial, and all the grounds as therein stated are assigned as error.

III. The charge of the court was erroneous and misleading as to the presumption of community debts to authorize the sale. Wilson *v.* Palmer, 18 Tex., 595; Bradshaw *v.* Apperson, 36 Tex., 137.

IV. The court erred in not giving the instructions asked by the plaintiffs. The plaintiffs asked the following instruction, which was refused by the court: "The plaintiffs request the court to instruct the jury, that although you are authorized to presume that community debts existed that would authorize the sale of the whole league by James Bowie, yet this is not conclusive, and if the plaintiffs have shown by the evidence that there were no community debts at the date of Mrs. Bowie's death, you will not be authorized to say that the land was sold to pay community debts." There was evidence before the jury to rebut the presumption, and to prove that there were no community debts, and the question of law was pertinent to the case. "When instructions are asked upon an assumed state of facts, which there is evidence tending to prove, and thus questions of law are raised, pertinent to the case, it is the duty of the judge to give such instructions." Proffatt on Jury Trial, sec. 313 and case cited. "A *prima facie* presumption may be rebutted by proof." English *v.* Miltenberger, 51 Tex., 296. "It is the practice of this court to reverse the

judgment whenever there is an erroneous instruction upon a material point, which may have influenced the jury, although the evidence may appear to us to be suffi-' cient to sustain the verdict." Bailey v. Mills, 27 Tex., 438. "It is the duty of the judge to instruct the jury what acts create a legal presumption of fraud; but it is for the jury to determine whether or not those acts, if proved to exist, have been fairly explained, and the presumptions created by them removed." Bryant v. Keeton, 1 Tex., 415; McQuinnay v. Hitchcock, 8 Tex., 33. "The verdict of the jury shows that it was in response to the charge of the court on the presumption of community debts." There was no charge on the three years' limitation.

*W. S. Delany,* for appellees.

WATTS, J. COM. APP.— According to the act then in force, the district judge was required to appoint three intelligent citizens as jury commissioners, having the qualifications prescribed in the act for jurors, to be residents in different portions of the county, freeholders therein, able to read and write, and who had no suit in the district court of such county which required the intervention of a jury. General Laws 1876, p. 79, sec. 4.

There was no suit pending in the district court of Colorado county at the time of the appointment of the jury commissioners to which either of them were parties, and it is not pretended that they each did not have the qualifications prescribed for jurors; but the ground upon which the court was called upon to quash the panel was, that the father of one of these commissioners had been defendant in this case, but that the case had theretofore been dismissed as to him. Now if the suit had been still pending against the father, that would not disqualify the son as jury commissioner,— he would only be

disqualified upon that ground where *he* was a party to a suit then pending in the court that might require the intervention of a jury. But there was no suit, it seems, then pending against the father; and the fact that at some former period one had been dismissed as to him, would no more constitute a ground of objection than the fact that a suit might be instituted against the father subsequent to the term of court at which the jurors were drawn.

The objection to the other commissioner is that he was a merchant, doing business in the vicinity where the land was situated, and that some of the defendants traded with him. It is a sufficient answer to say that the law does not recognize that as a ground of objection to a jury commissioner.

Veramendi and his co-plaintiffs claim that several of the jurors constituting the panel were either living upon the land or related to parties who were living upon it. If any of the jurors were interested in this particular suit, or related within the third degree to any of the parties, that would constitute good ground of objection as to the individual juror, but would not of itself require the quashing of the panel. We find no error in the action of the court in overruling Veramendi's motion to quash the panel of petit jurors.

The description given of the land in the answer of Andrew and Hutchins asserting limitations, under the circumstances, appears to us to be sufficient. They were tenants in common of, and claiming as such, two thousand six hundred and twenty-eight acres, the lower part of the league. From the description, the land claimed by the defendants could be easily identified, and it would appear that this is all that ought to be required of them in that particular.

Veramendi and co-plaintiffs claim that the court erred in the charge given submitting to the jury the question

of five years' limitation as to the defendants Andrews and Hutchins, on the ground that there was no evidence authorizing the charge. A careful examination of the evidence shows that this objection is not well taken. The evidence is sufficient not only to authorize but to require the charge. It submits that question clearly and quite as favorably to appellants as the law would warrant. From the manner in which the question is submitted, that is, in plain and pointed language, it is not perceived how or wherein the jury could have been misled by it.

The court charged the jury, in effect, that owing to the great lapse of time intervening between the death of Mrs. Bowie and the institution of this suit, the law raised the presumption that there were community debts, and that Bowie was authorized to sell the land when he conveyed the same to Richardson, and that they were at liberty to presume the existence of such facts as authorized the sale.

Veramendi and co-plaintiffs asked the court to charge the jury in effect, that if plaintiffs had shown by the evidence that there were no community debts at the date of Mrs. Bowie's death, that then Bowie would not be authorized to sell her interest in the land. This the court refused, on the ground that it was not applicable to the case.

Appellants object to the charge as given, and except to the refusal to give that asked by them.

Mrs. Bowie died in 1833. The league of land was sold by Bowie to William Richardson October 15, 1835.

This suit was instituted January 14, 1869, over thirty-three years after the sale by Bowie to Richardson. On the former appeal, in reference to the question now under consideration, Justice Gould delivering the opinion of the court, said: "We are of the opinion, however, that, in view of the great lapse of time after the sale by Colonel Bowie, being over thirty years before suit brought;

that for over twenty-five years before suit parties had
been in possession, claiming under this bond, which dur-
ing all that time was of record; and that during all this
time there is no evidence of any claim by Mrs. Bowie's
heirs in opposition to the title bond, the jury might have
been instructed that they were at liberty to presume that
the facts existed which authorized Colonel Bowie to
convey."

In the case of Johnson *v*. Simmons, 50 Tex., 536, the
court approvingly quotes from the opinion of the court in
Stower *v*. Whitman, 6 Binn., 419, where the court below
had charged the jury that "they might presume a deed
if the circumstances of the case would satisfy them that
there was reason for such presumption." In treating of
that charge the court said: "These expressions are very
vague, and rather tend to perplex than to direct the jury.
What circumstances will justify the presumption of a
deed, I take to be a matter of law, and it is the duty of
the court to give an opinion whether the facts proved will
justify the presumption."

It has been frequently held that possession of land
taken and held (under a deed made by an attorney) for a
period of twenty years will authorize the presumption
that a condition precedent on which the attorney was to
convey had been fulfilled, and that he had not transcended
his power. And, as a general rule, where a deed would
be admissible in evidence as an ancient document, the
power under which it purports to have been made will be
presumed.

Time with its mutations often destroys all the means
of evidence by which a given fact could be established,
notwithstanding the proofs might have been abundant at
the time of the occurrence. Witnesses die, or else in the
general confusion incident to human affairs are forgotten,
or else their place of abode may be unknown, or all
recollection of the facts might be effaced from the mem-

ory by receding years. Hence when a long time is permitted to elapse before such rights are asserted, common experience as well as the principle of right require a liberal indulgence of presumption in favor of the sale.

Here the sale was made thirty-three years before the suit was brought. During most of that time some of the parties claiming under that sale were in possession, cultivating and enjoying the land, and, so far as appears from the record, no adverse claim was asserted by appellants until this suit was brought.

The bond was of record, and the claim under it was most of the time evidenced by open and notorious possession; in this respect there was no element of concealment.

Besides, the sale was made by Colonel Bowie at a time and under circumstances that would tend to repel the idea that it was made for a money consideration then paid; war was then upon the country, and he was on his way to participate in it, and in fact lost his life in less than six months after the sale, in the memorable slaughter of the Alamo.

The occasion was inauspicious for selling land on speculation, or as a means by which to raise money; and it is not perceived why, under the circumstances, he should wish to raise the amount of money, to wit, $5,000, named in the bond as the consideration paid. The evidence shows that the cash value of the league, at the time of the sale to Richardson, did not exceed $500. Now while he might be willing to accept the same in payment of a long deferred debt at $5,000, it is hardly supposable that, under the circumstances, he would have paid in money ten times the actual value of the land. And according to the well known character of Colonel Bowie, it might be expected of him on such an occasion, and at such a time, to pay to his friend a deferred indebtedness as far as he was able; and as he had no other means, it

might well be supposed that he made the sale of the land for that purpose. These special circumstances should lend strength to the cogent presumption arising from the mere lapse of time; and thus supported and strengthened, that presumption should be considered so strong, that at least some affirmative evidence should be required to overcome it.

The only evidence in the record that would seemingly tend to impair that presumption is certain negative statements of two or three witnesses, to the effect that they did not know of Colonel Bowie's being indebted to any one; these witnesses say that they knew nothing of his business affairs except in and about San Antonio.

The court below regarded this as no evidence tending to overcome the presumption, and refused to give the charge asked which was based upon it. Such negative statements are not out of harmony with the principle upon which the presumption is based; and as we do not regard this as any evidence militating against the presumption, we think that the court correctly refused the charge asked.

That part of the charge of the court complained of was objectionable because it charged a presumption of fact as one of law; but the assignment presenting this question is too general to require that we revise it, and particularly as under the view we take of the case it is an immaterial error; for we think, under the facts and circumstances of this case, the jury could not have rightly found any other verdict than that returned. Any other verdict would have been against the evidence.

We conclude that the judgment of the court below ought to be affirmed.

AFFIRMED.