MARY V. O'DONNELL ET AL. v. C. R. JOHNS & CO. ET AL.

No. 2882.

1. **Presumption of Power of Attorney.**—A deed which purports to be executed under authority of a power of attorney, which is not produced, authorizes the presumption that the power of attorney existed, if the deed is thirty years old, comes from the proper custody, and rights have been asserted and taxes paid by those claiming under it.

2. **Parties—Corporation.**—If a suit be begun in the name of a corporation having a legal existence, and is prosecuted to judgment in a different corporate name, which was alleged in the pleading to have been given by amendment of the charter after suit brought, it is immaterial whether the amended charter was lawfully or unlawfully granted; in either event the judgment will not for that cause be disturbed.

APPEAL from Harris. Tried below before Hon. James Masterson.
The opinion states the case.

*John G. Todd,* for appellants.— 1. The court erred in admitting the pretended deed of title by James A. Mason as attorney in fact under power of attorney of March 5, 1841, purporting to convey the title of said property from said Charles Kessler to Frederick Stoever, when in fact there was no authority in said power of attorney to said Mason as such attorney in fact to convey said lands to said Stoever or anybody else. Denn v. Reid, 10 Pet., 524; 1 Am. and Eng. Encyc. Law, p. 415, and authorities cited; Abb. Tr. Ev., 696.

2. When a recorded instrument has been lost, or can not be procured, to admit a certified copy from the records under the statute, an affidavit of its loss in writing must be filed by a party to the suit, stating that the original has been lost or that he can not procure it. Rev. Stats., art. 2257; Kauffman v. Shellworth, 64 Texas, 179; Hooper v. Hall, 30 Texas, 154; Crayton v. Munger, 11 Texas, 234.

3. A married woman is not a competent party to a charter or an amendment to a charter of a private corporation for business purposes. Rev. Stats., arts. 565, 568, 571, and 265, sec. 7; Act April 2, Gen. Laws 1887, p. 103; Mora. on Corp., 1 ed., secs. 17, 19, 20; 4 Am. and Eng. Encyc. of Law, p. 197, and authorities; Rev. Stats., art. 1265, subdiv. 7.

4. It is necessary under the laws of the State of Texas for a charter or amendment of a charter of a private corporation to be signed and acknowledged by at least three persons competent to execute such an instrument.

*R. J. Thacker* and *E. P. Hamblen,* for appellees. — 1. The deed from Kessler, by his attorney Mason, to Stoever, having been offered in evidence, showing on its face that it had been duly executed and recorded in the Record of Deeds of Harris County for more than thirty years, and the evidence showing that Stoever and those claiming under him had claimed the land under said deed and paid the taxes thereon ever since, the power

to execute said deed will be presumed.    Harrison v. McMurray, 71 Texas, 129, and cases cited.

2.    Where it appears from the face of the charter that it was regularly granted and that the corporation was duly created, a private party in a collateral proceeding can not by extrinsic evidence call in question the validity of said incorporation.    Brennan v. Weatherford, 53 Texas, 330; Mackall v. Chesapeake and Ohio C. C., 94 U. S., 308; County of Macon v. Shares, 97 U. S., 277; Mora. on Corp., 1 ed., sec. 148.

HENRY, ASSOCIATE JUSTICE.—This suit was commenced in the year 1886 by Sarah Margaret Dickson, joined by her husband Hugh S. Dickson, and the corporation of C. R. Johns & Sons as plaintiffs, against M. Looscan, as administrator of the estate of James M. O'Donnell, deceased, and the heirs of said James M. O'Donnell, to recover two tracts of land, each containing 640 acres, patented by the Republic of Texas to Charles Kessler as assignee of H. A. Robinson.

The defendants pleaded not guilty.

The plaintiffs suggested to the court by their pleadings the death of Hugh S. Dickson, who they allege was only a *pro forma* party, and also that after the suit was instituted the charter of the corporation of "C. R. Johns & Sons" was amended so as to make the name of the corporation "C. R. Johns & Co.," and prayed that the suit proceed in the name of C. R. Johns & Co. and Sarah Margaret Dickson, as plaintiffs.

The defendants pleaded, under oath, that since the commencement of the suit the corporation of C. R. Johns & Sons had ceased to exist under that name; and further, that the purported amendment of the charter of said corporation, changing its name to C. R. Johns & Co., was not lawful, because one of the three stockholders whose names were signed to the proposed amendment was, when she signed the same, a married woman, and that by reason of her coverture she was not qualified to perform that act.

Plaintiffs' evidence of title was as follows:

1.    Patents from the Republic of Texas to Charles Kessler, assignee of H. A. Robinson, dated the 26th day of February, 1842.

2.    A deed from Charles Kessler, by his attorney in fact, James A. Mason, to Frederick Stoever.    This deed recites that said Mason was duly appointed by a letter of attorney dated the 5th day of March, 1841, and the deed to Stoever is dated the 16th day of September, 1844, and was recorded on the 4th day of January, 1845.

3.    The last will of Frederick Stoever, with certificates showing its probate in the State of Pennsylvania in the year 1866, and in this State in the year 1885.    This will, after certain specific bequests, not naming the land in controversy, makes the plaintiff Sarah Margaret Dickson residuary legatee of the testator's estate.

4.    A certified copy of a deed by Hugh S. Dickson and Sarah Margaret

Dickson, dated April 1, 1885, conveying to the corporation of C. R. Johns & Sons the lands in controversy for a period of five years, upon certain trusts mentioned in the deed looking to the perfection and preservation of the titles to said lands and the sale thereof for the equal benefit of said corporation and the grantors in the conveyance.

5. The resolution of three stockholders of the corporation of C. R. Johns & Sons, one of them being a married woman, changing the name of the corporation as before specified, and the certificate of the Secretary of State of the filing of said resolution in his department.

6. The certificate of the State Comptroller showing that Frederick Stoever had paid taxes on the land in controversy from his purchase until his death.

Defendants introduced a deed from Charles Kessler to Hugh Towers, dated July 29, 1884, and a regular chain of title from said Towers down to themselves.

No power of attorney from Charles Kessler to James A. Mason was produced, and defendants objected to the introduction of the deed in evidence because the power of attorney was not produced.

We think there was no error in allowing the deed to be read. It came from the proper custody, was over thirty years old, and it was shown that title under it had been long asserted and the taxes on the land paid by Stoever and those holding through him. Even less evidence than was produced would have justified the admission of the deed without producing or accounting for the power of attorney. The existence of the authority recited in the deed was correctly presumed.

When the certified copy of the deed from Hugh S. and S. M. Dickson to C. R. Johns & Sons was offered it was accompanied by an affidavit of an officer of the corporation, stating that the original deed was "lost and can not be found."

Plaintiffs also produced the testimony of a witness to the effect that he had searched for the deed among the papers of a deceased attorney for plaintiffs, to whom it had been sent, without being able to find it. The court overruled an objection made to the testimony of this witness.

The affidavit of the officer of the corporation furnished the predicate prescribed by statute for the introduction of a certified copy of the recorded deed, and it is unnecessary to consider whether or not the testimony objected to was admissible. It did no harm.

The court charged the jury that the evidence showed that the plaintiff corporation was a legal corporation and had the legal capacity to sue.

Defendants requested the court to charge that if the jury believed the amendment to the charter of C. R. Johns & Sons was subscribed by only three persons, and that one of them was a married woman, "then the plaintiffs C. R. Johns & Sons are not a corporation, have not the capacity to take and hold land, or sue as such, and this suit can not be maintained,

and you will find for the defendants and against the plaintiffs C. R. Johns & Sons."

The court refused to give the charge. The action of the court, both in refusing this charge and in giving the one it did on the subject, is. assigned as error.

No question is raised about the legality of the corporation of C. R. Johns & Sons. The only one raised is about its attempted change of its. corporate name. If the attempted change of name was unlawful, it would still be a lawful corporation with the name by which it brought this suit. An attempt to change the corporate name in a manner not authorized by law can not be held to have had the effect given it by the charge asked and refused, but would rather leave the corporation as expressed in the. general terms of the charge given by the court.

As the case before us does not demand an expression of our opinion as to whether or not a married woman can be one of the three persons who may subscribe the charter of an intended corporation, as directed by article 568 of the Revised Statutes, we do not express one. Nor do we decide that a change of the name of an existing corporation, in pursuance of article 571 of the Revised Statutes, would be governed by the same rule that is applicable to the creation of one.

The record fails to show that any objection was made to the introduction in evidence of the will of Frederick Stoever. The objection made to it in this court, if it was good, which we do not intend to intimate, comes too late.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered February 28, 1890.