JACK DAVIS ET AL. v. J. W. PEARSON.

No. 545.

1. **Ancient Instrument—Certified Copy.**—In order for a certified copy of a conveyance to be admissible in evidence as an ancient instrument, the registration must be ancient.   Following Brown v. Simpson, 69 Texas, 225.

2. **Same — Power of Attorney Presumed.** — Where a deed admissible as an ancient instrument purports to have been executed by virtue of a power of attorney, the existence of the power will be presumed; and the presumption is not defeated because a copy of the power of attorney may have been offered in evidence and rejected as a copy.

3. **Deed — Subscribing Witnesses.** — Attestation by subscribing witnesses was not necessary to the validity of a deed executed November 21, 1861.

APPEAL from Young.    Tried below before Hon. GEORGE E. MILLER.

*Arnold & Adams*, for appellants.—1.   Where a deed would be evidence as an ancient instrument without proof of its execution, the power under which it purports to have been executed will be presumed.   O'Donnell v. Johns, 76 Texas, 362; Harrison v. McMurray, 71 Texas, 129; Johnson v. Shaw, 41 Texas, 430; Johnson v. Timmons, 50 Texas, 534.

2.   The possession of a part of the land in controversy by a portion of the appellants was sufficient to give notice to appellee of their rights; and it became the duty of appellee to inform himself of the rights of these appellants, their possession of the land being equivalent to registration of a complete chain of title.    Watkins v. Edwards, 23 Texas, 443; Mainwarring v. Templeman, 51 Texas, 205.

*C. W. Johnson*, for appellee.—1.   In some cases the power will be presumed, yet in this case, looking to the whole record, an invalid power was affirmatively shown; the presumption failed.

2.   The pretended deed from Hardee to Rowe, by Hay, attorney in fact, is not a deed, because it was neither acknowledged before an officer having authority to take proof of deeds and was not signed by two subscribing witnesses, and was insufficient to pass title.    Pasch. Dig., arts. 999, 1000; Daugherty v. Knolle, 44 Texas, 454; Baker v. Westcott, 73 Texas, 133.

TARLTON, CHIEF JUSTICE.—The appellee, J. W. Pearson, on May 3, 1890, brought this suit against Jack Davis and divers other defendants, appellants, and recovered judgment for the land involved, being a survey granted to Margaret Edmonds by virtue of certificate number 369.

One D. C. Hardee is the common source of title.    Among the muniments of title relied upon by the defendants were (1) a certified copy

from the records of Young County of a power of attorney signed D. C. Hardee, and (2) a deed signed D. C. Hardee, by Samuel D. Hay, his attorney in fact.

Both of these instruments were assailed as forgeries.. The action of the court with reference to them is complained of in appellants' principal assignment of error; and if that action was erroneous as regards either instrument, a reversal of the judgment by us will be required.

We think that the certified copy of the power of attorney was properly excluded.   This instrument was dated February 1, 1851, and by its terms Samuel D. Hay was appointed the agent and attorney in fact of D. C. Hardee, to convey property the description of which would, we think, include the land in controversy. It was filed for record in Young Connty February 23, 1878.

Many objections were interposed to its introduction in evidence. With-· out considering all of them, we sustain the objection urged on the ground of the recent registration of the instrument. Its execution was not estab-· lished by evidence. It was offered as an ancient instrument, and so· offered it was not admissible, because, as held in Brown v. Simpson, 67 Texas, 225, "in order for the copy to take the place of the original when the latter is lost, the registration must be shown to be ancient, just as· the deed must appear to be ancient when the deed itself is offered."

The original deed from Hay as attorney in fact was introduced in evidence.   It was dated November 21, 1861, to Samuel Roe, as grantee of the land in controversy.   We think (1) that the evidence proved the execution of this instrument, and (2) that had no evidence been introduced with reference to its execution it was, under the facts of this case, admissible as an ancient instrument.

The court declined to attach any weight to it as a conveyance of title by D. C. Hardee.   We infer from the record that the court thus ignored it on the ground that its execution was unauthorized by D. C. Hardee. In this conclusion we think the court erred.   Purporting as it did to be· executed by virtue of a power of attorney, and admissible as it was as a deed more than thirty years old, it justified, we think, the presumption that the power of attorney existed which authorized its execution. Harrison v. McMurray, 71 Texas, 129; O'Donnell v. Johns, 76 Texas, 362.

Under the evidence, which we find it unnecessary to detail, we do not concur with the appellee, that this instrument was repudiated by the appellant Jack Davis.   We think, on the contrary, that it came from the proper custody.   Nor do we agree with the appellee, that the presumption of the existence of a power of attorney to be drawn by virtue of the doctrine above stated should not obtain in this instance, because the authority to which the deed had reference was affirmatively shown to have been invalid.

The certified copy of the power of attorney offered in evidence was properly excluded, not because it was proved that the original was a forgery or was never in existence, but because the copy offered was not fortified by such conditions as would render it admissible under the rules of evidence. Its exclusion should in no way interfere with the presumption to be drawn from the face of the deed properly admitted as an ancient instrument; no more so, in fact, than if no attempt had been made to introduce the excluded copy.

The contention of the appellee, that the instrument last considered should not be regarded as a deed, because it was not attested by two subscribing witnesses, must be overruled. At the date of this instrument attestation by subscribing witnessess was not necessary to the validity of a conveyance of land. See Coryell v. Holmes, 2 Posey's U. C., 665, for an elaborate and able discussion of this question by Quinan, Judge; also, McLane v. Canales, 25 S. W. Rep., 29.

As adverse possession of the land involved had been in part taken by the defendants, or by some of them, we are unable to sustain the position of appellee that he is to be regarded as a purchaser for value, without notice, of all the land. The condition of the record is not such, we think, as to require us to consider whether or not he is such a purchaser as to any portion of it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 13, 1894.