W. T. RIGSBY ET AL. v. JOSEPHINE GALCERON ET AL.

Delivered February 16, 1897.

**1. Evidence—Ancient Instrument—Transfer of Land Certificate.**

A transfer of a land certificate indorsed on the certificate, free from suspicion, and more than thirty years old, and under which acts of ownership of the certificate have been exercised for twenty-six years, and which has been in the land office for many years, is admissible as an ancient instrument.

**2. Ancient Instrument—Presumption of Authority to Attorney.**

Where the transfer indorsed on a land certificate is an ancient instrument, comes from the proper custody, and is free from suspicion, the court is justified in presuming that one who purported to execute the transfer as attorney of the owner had a power for that purpose.

APPEAL from Wichita. Tried below before Hon. GEORGE E. MILLER.

*L. S. Schluter*, for appellants.—1. By the filing of the affidavit attacking the transfer of the certificate as a forgery, the plaintiffs offering the same were remitted to the common law method of proving the execution thereof, before it could be used in evidence at all. In order to be admissible as an ancient instrument, such instrument should appear to be thirty years old, should come from the proper custody, be free from suspicion, and appear to have been acted upon so as to give some corroborative proof of its genuineness. Holmes v. Coryell, 58 Texas, 680, 688; Belcher v. Fox, 60 Texas, 527, 530; Greenleaf on Evidence, 570; Starkie on Evidence (9th ed.), 521.

2. A deed, though more than thirty years old, which purports to be executed by an attorney in fact but is unaccompanied by his power of attorney, is inadmissible; no claim appearing to have been asserted under it for twenty years or more, and it not appearing that the person for whom it purports to have been executed ever knew of the assertion of any title by the grantee therein. Baldwin v. Goldfrank, 31 S. W. Rep., 1064.

*Carrigan & Hughes*, for appellees.—1. Where a transfer is thirty years old, free from suspicion, and comes from the proper custody, it would be admissible in evidence as an ancient instrument, notwithstanding the affidavit of forgery. Holt v. Maverick, 5 Texas Civ. App., 650; Parker v. Spencer, 61 Texas, 163; Ammons v. Dwyer, 78 Texas,

639; Stooksbury v. Swan, 85 Texas, 563; Hicks v. Shinn, 68 Texas, 278; Thomas v. Hines, 59 Texas, 525; Crain v. Huntington, 81 Texas, 614.

2. Where a transfer is an ancient instrument, the power under which it purports to have been executed will be presumed, especially so when any acts have been asserted under it and the property transferred has been claimed by those holding through said conveyance. Johnson v. Timmons, 50 Texas, 521; Harrison v. McMurray, 71 Texas, 128; Shinn v. Hicks, 68 Texas, 277; Garner v. Lasker, 71 Texas, 431; Watrous v. McGrew, 16 Texas, 513.

TARLTON. CHIEF JUSTICE.—The issue involved in this appeal is between Josephine Galceron and Mrs. C. C. Thompson, the appellees, and G. M. Sutherland, W. M. Robertson, and Elizabeth Bowden, appellants. It involves the title to 320 acres of land patented to J. W. Robertson.

The appellants claim by virtue of inheritance from Robertson; the appellees, by virtue of a chain of title the initial link in which is an alleged transfer to John D. McLeod by Robertson, the original grantee of the certificate under which the land was located. This transfer is assailed by affidavit of forgery, and the questions presented for our consideration refer solely to the action of the court in holding it to be genuine.

The certificate in question bears date January 4, 1838, and was issued by Barnard E. Bee, Secretary of War, to J. W. Robertson or assignee. It bears the following indorsements:

"For value received I hereby transfer all my right and title to the within certificate of land to Jno. D. McLeod agreeably to and

"J. W. ROBERTSON,
"By his attorney, J. G. Welshmeyer.

"Approved.
"Barnard E. Bee, Sec. War."

"I certify the foregoing to be correct.
"J. G. WELSCHMEYER."

"I transfer all the claim I have to the within property to Elizabeth Blanden, her heirs, administrators or executors.
"JNO. D. McLEOD."

"Witness:
"Wm. McCooke,
"T. F. Brewer."

The assailed transfer is that signed, "J. W. Robertson, by his attorney J. G. Welschmeyer."

We find that the evidence was such as to justify the court in the conclusions imported by its judgment in this case, that while the signature

of Welschmeyer to the transfer in which he purports to act as the attorney of Robertson was not his true signature, it was nevertheless signed in that connection with his consent, approval, and as his act; that though the transfer bears no date, it was much more than thirty years old at the time that it was introduced in evidence, as it appears that Welschmeyer, whose signature is found to have been attached to the transfer with his approval, as above indicated, died about the year 1840, or prior thereto; that acts of ownership over the certificate were exercised by Mrs. Elizabeth Blanden and those representing her from 1840 to 1866; that the certificate itself, with these indorsements, has been in the Land Office since 1874; and that the transfer is free from suspicion.

Thus finding, we overrule the assignments of error complaining of the action of the court in admitting the transfer in evidence. Hicks v. Shinn, 68 Texas, 278; Ammons v. Dwyer, 78 Texas, 639; Chamberlain v. Showalter, 5 Texas Civ. App., 226; Kellogg v. McCabe, 38 S. W. Rep., 542.

Also, as the transfer is an ancient instrument, as it comes from the proper custody, and is free from suspicion, the court was justified, under the circumstances above detailed, in presuming the power from Robertson to Welschmeyer under which it purports to have been executed. Watrous v. McGrew, 16 Texas, 513; Harrison v. McMurray, 71 Texas, 128; Williams v. Hardy, 21 S. W. Rep., 269.

The judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.