John Q. A. Simmonds v. Nicholas T. P. Simmonds.

Decided March 9, 1904.

**1.—Evidence—Transfer of Certificate—Ancient Instrument.**

A transfer of a land certificate coming from the proper custody, dated more than forty years ago, and under which title has been claimed, with no circumstances casting suspicion on its genuineness, is admissible without proof of its execution or that it had actually existed for twenty years, though its genuineness had been attacked by affidavit.

**2.—Same—Identifying Certificate.**

A transfer of a land certificate "No. —— issued in said county of W., for one-third of a league of land, to me, the said W. C., as a headright," sufficiently identifies the duplicate one-third league headright certificate of the person transferring it, and evidence that an augmentation certificate for two-thirds of a league and labor was subsequently issued to the same party, had no tendency to disprove such identity.

**3.—Power of Attorney—Presumption—Ancient Instrument.**

A power of attorney is conclusively presumed in support of a conveyance by attorney, more than thirty years old, coming from the proper custody, and found to be genuine.

**4.—Evidence—Land Office Copy—Affidavit.**

A certified copy, from the records of the Land Office, of an affidavit by a third party that he was the owner of the headright certificate on which patent to the land in controversy was issued, is not admissible in disparagement of the title of another claiming the land by transfer from the grantee of the certificate.

**5.—Evidence—Character for Truth.**

A party can not introduce evidence of his own character for truth, which has not been impeached otherwise than by the introduction of evidence conflicting with his own.

Appeal from the District Court of Bell.　Tried below before Hon. John M. Furman.

F. C. Humphries and A. J. Harris, for appellant.

W. S. Banks, for appellee.

STREETMAN, Associate Justice.—Appellee brought this suit to recover of appellant 117½ acres of land, a part of the Willard Chamberlain headright one-third league in Bell County.　Defendant pleaded not guilty and the ten years statute of limitations.　A jury trial resulted in a verdict and judgment in favor of appellee for the land sued for and rents.

The plaintiff relied for title upon the following evidence: (1) Duplicate certificate No 1159-1258, issued by the Board of Land Commissioners of Washington County to Willard Chamberlain for one-third of a league of land, in lieu of headright certificate No. 512, class first; (2) certified copy of patent No. 551, vol. 9, from the State of Texas to Willard Chamberlain, dated April 23, 1852, by virtue of duplicate certificate above mentioned, describing one-third of a league in Bell County, Texas, including the land in controversy; (3) original transfer from Willard Chamberlain, by Louis C. Clemons, as agent, to Jos. P. Sneed, which transfer is as follows:

"The State of Texas, County of Washington. Know all men by these presents that I, Willard Chamberlain, by my attorney in fact Louis C. Clemons, for and in consideration of the sum of one hundred and fifty dollars, to me paid, have bargained and sold and do by these presents bargain sell and convey and confirm unto Joseph P. Sneed all and singular the following certificate No. —— issued in said county of Washington for one-third of a league of land to me, the said Willard Chamberlain, as a headright.

"To have and to hold the said certificate and the land upon which the same may be located unto him the said Sneed his heirs and assigns forever. And I do hereby authorize the said Sneed, his heirs and assigns, to demand and receive patent thereto in his or their own names. In witness whereof, I hereunto set my hand and seal, a scroll used as such, this —— day of ——, A. D. 1850.

"Louis C. Clemons,
"As agent for the said Chamberlain.

"In presence of Thos. R. Nunn, Moses Candy."

Said transfer being acknowledged regularly by said Clemons as said agent before J. J. Stockbridge, clerk District Court Washington County, Texas, on the 11th day of December, 1873, with certificate of said officer indorsed thereon bearing same date in regular form; and said transfer having been recorded in said Washington County on said 11th day of December, 1873, also in Bell County on 18th day of August, 1890, and again in Bell County on February 24, 1903.

In connection with said certificate, plaintiff introduced certain parol testimony of W. S. Banks, which we deem it unnecessary to set out at length, but which in our opinion, especially in view of the testimony subsequently developed from the defendant himself, was sufficient to show that said transfer came from the proper custody. (4) Deed from Joseph P. Sneed to N. T. P. Simmonds, dated February 1, 1860, recorded in Bell County, February 10, 1860, conveying the land in controversy. There was also evidence sufficient to sustain the amount of rent as found by the jury.

The defendant introduced no paper title, but relied upon the failure of the plaintiff to prove title, and upon his evidence of limitation.

*Opinion.*—The first assignment of error complains of the introduction in evidence of the transfer of certificate from Clemons to Sneed, (a) because there was no authority shown in Clemons for the execution of said instrument as agent for Chamberlain; (b) because said instrument was not proved to be over thirty years old, or an ancient instrument, its genuineness having been attacked by the affidavit of forgery filed by defendant; (c) because there was no evidence of the execution of said instrument by Clemons, even if he had been Chamberlain's agent; (d) because the testimony failed to show that said instrument came from

the proper custody, even if it was an ancient instrument; (e) because the transfer itself does not identify any land certificate, even by date or number; (f) because said instrument was not signed in the name of Willard Chamberlain, but only in the name of Louis C. Clemons.

We think there was no error in permitting the introduction of the transfer. As we have already stated, the evidence was sufficient to show that it came from the proper custody. There was also evidence to show that the land in question had been claimed under this transfer for many years. In fact, the evidence shows that the defendant himself obtained this certificate from a son of J. P. Sneed, and caused it to be recorded in Bell County, Texas; and strongly indicates, if it does not conclusively show, that the defendant went into possession of this tract of land under the deed from Sneed, based upon this transfer. There are no circumstances connected with the certificate or shown upon its face which are calculated to cast any suspicion upon it. The court submitted its genuineness to the jury as an issue of fact, and their finding was in favor of its validity.

We are also of opinion that it sufficiently identifies the certificate as the same by virtue of which the duplicate was afterwards issued under which the land in question was patented.

It being established by the evidence and by the finding of the jury that the instrument was genuine, that it was more than thirty years of age and came from the proper custody, it was properly admitted in evidence and carried with it as a conclusive legal presumption the authority of Clemons to act as agent for Chamberlain. O'Donnell v. Johns & Co., 76 Texas, 362; Harrison v. McMurray, 71 Texas, 122; Davis v. Pierson, 26 S. W. Rep., 241; Garner v. Lasker, 71 Texas, 435.

The second assignment of error complains of the admission of the duplicate certificate and patent above set out, because the transfer from Clemons, as agent of Chamberlain, to Sneed does not identify said certificate, and said patent is not shown to have been issued by virtue of the certificate conveyed by said transfer. As we have already stated, we are of opinion that the transfer sufficiently identified the certificate.

The fourth assignment of error complains of the refusal of the court to admit in evidence a certified copy from the Land Office of an affidavit made by W. R. Baker on August 10, 1863, stating that said Baker was the owner of the Willard Chamberlain one-third league headright certificate, issued by the Board of Land Commissioners of Washington County.

This evidence, we think, was clearly inadmissible for any purpose. Said assignment also complains of the exclusion of a certified copy of a certificate for two-thirds of a league and labor of land, issued by the Board of Land Commissioners of Washington County to Willard Chamberlain, December 31, 1859, as an augmentation to the headright of one-third of a league. This was offered for the purpose of showing that other certificates were issued to Willard Chamberlain, and might

have been the subject of the transfer from Clemons to Sneed, instead of the certificate under which the land in question was patented.

We do not think, however, that the evidence offered could have had this effect. Clearly, there was only one certificate issued to Willard Chamberlain for one-third of a league as his headright, and the transfer, as we have already stated, containing this description, we think was sufficient to identify this certificate, and the evidence offered would not have tended to disprove the identity of the certificate described.

The fifteenth assignment of error is based upon the refusal of the court to permit a number of witnesses to testify to the reputation of the defendant for truth and veracity, honesty and integrity in the community in which he lived, because there was a conflict between the evidence of plaintiff and defendant. A mere conflict in evidence does not authorize a party who has testified as a witness to put his character in issue.

The remaining assignments complain of the charge given by the court, and of the sufficiency of the evidence. The court submitted to the jury the genuineness of the transfer above set out, and the issues arising out of the plea of limitations, and we believe that no other issues were necessary to be submitted to the jury, and that the instructions of the court upon these issues were as favorable as appellant was entitled to. The evidence, in our opinion, abundantly sustains the verdict of the jury.

There being no error in the record, the judgment is affirmed.

*Affirmed.*