## M. A. BEAN ET AL. V. H. H. BENNETT.

### Decided April 7, 1904.

**Power of Attorney—Presumption.**
Though a power of attorney was on record which was not in itself sufficient to empower the attorney to sell land, still such power will be presumed in favor of an ancient deed by the attorney where the grantor lived for over forty years after the sale and often declined to bring suit for the land.

Appeal from the District Court of Houston. Tried below before Hon. John Young Gooch.

*Aldrich & Crook,* for appellants.

*Adams & Adams,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by M. A. Bean and others to recover of the defendants John Carlisle and others about 1000 acres of the P. E. Bean league situated in Houston County. The plaintiffs sue as the heirs of Isaac T. Bean, who was the heir of the original grantee, Pedro Elias or Ellis P. Bean. The defendants pleaded not guilty and limitation of three, five and ten years; also facts to show that Isaac T. Bean and the plaintiffs as his heirs were estopped from asserting title to the land. The cause was submitted to the court without a jury and judgment was rendered in favor of the defendants; and also in favor of the defendant John Carlisle on his plea in reconvention for the recovery of 553½ acres fully described therein.

As a matter of historical interest it may be stated that the original grantee, P. E. or Pedro Elias Bean, was a colonel in the Mexican army and is the subject of the memoirs of Ellis P. Bean, printed as an appendix to volume 1 of Yoakum's History of Texas. The plaintiffs deraigned title from P. E. Bean through his son Isaac T. Bean, and would be entitled to recover unless the defendants have established their plea of limitation or have shown an outstanding title through a conveyance of the land by Isaac T. Bean by his attorney in fact, William Y. Lacy, to David Snively. In order to show title in themselves by regular chain the defendants offered and introduced the following evidence: (1) A certified copy of a deed from Isaac T. Bean by William Y. Lacy, agent and attorney, dated April 3, 1856, recorded in Cherokee County April 8, 1856, and recorded in Houston County April 8, 1903. It purported to convey for a consideration of $30,000 eleven leagues situated in Cherokee and Anderson counties granted to Jose Pineda by the government of Mexico; four leagues situated in Cherokee and Angelina counties granted to Jesus de la Garza by the government of Mexico, "and all other tracts or parcels of land in the aforesaid State that the said I. T. Bean may have control of as the sole heir of Peter E. Bean, deceased." An objection to this deed on account of the failure to show a power of

attorney from Isaac T. Bean to William Y. Lacy was overruled by the court upon the presumption of power. (2) The defendants offered in evidence a deed from David Snively to Jesse Duren, dated May 10, 1857, for one-third interest in a league of land granted to Peter Ellis Bean by the government of Mexico, situated on the north side of the Neches River and Serito Creek. It was objected to and ruled out by the court because it did not convey the land in controversy, which the evidence showed lay on the south of the Neches River in Houston County, and it also appeared from the evidence that there was a P. E. Bean league on the north side of the river in Cherokee County. (3) A deed from Jesse and B. F. Duren to J. C. Kennedy dated January 31, 1859, conveying the land in controversy. (4) A deed from the executors of Kennedy to Frances D. Rice, dated December 4, 1868. (5) Frances D. Rice and husband to W. L. Cox, dated September 17, 1872. (6) W. L. Cox and wife to U. L. Wilson, dated November 22, 1875. (7) U. L. Wilson and wife to J. L. Sullivan, dated May 6, 1880. (8) J. L. Sullivan to Miss E. A. Sullivan, dated November 12, 1888. (9) Ella S. Perkins to John Carlisle, dated February 20, 1901. It was shown that Miss Ella A. Sullivan became Ella S. Perkins by marriage and a feme sole by the death of her husband. Duren took possession of the land in controversy by virtue of the deed from Snively to him and made improvements thereon, but abandoned possession before the bar of limitation was complete. Alex Woodward was the owner of and resided on a tract of land on an adjoining league known as the Williams survey. His inclosure extended over to the Bean league and the land in controversy and included therein from ten to fifteen acres, which he held for more than ten years from the year 1881. He took possession of the land on the Bean league without authority of the owner, but W. L. Sullivan, the owner at the time, having found him in possession, gave him permission to use the land upon his acknowledgment of tenancy and an agreement to prevent the timber from being wasted. Afterwards when Ella S. Perkins became the owner of the land the same agreement was made with B. F. Duren as her agent. The testimony adduced was sufficient to establish title by limitation of ten years.

A motion for a new trial was made on the ground of newly discovered evidence affecting the issue of limitation. But as we are of the opinion that an outstanding title was shown in David Snively it will not be necessary to pass upon the grounds of the motion.

The outstanding title in David Snively depends upon the presumption of a power of attorney from Isaac T. Bean to William Y. Lacy to execute the deed to Snively. As already stated the deed was dated April 3, 1856, and was recorded in Cherokee County, April 8, 1856. As was shown, Snively conveyed a part of the land to Jesse Duren and the latter took possession of the land in controversy as the land conveyed to him by Snively and it afterwards passed by regular chain of title to the defendant Carlisle. The plaintiffs put in evidence a certified copy from

the records of Cherokee County of a power of attorney from Isaac T. Bean to William Y. Lacy dated —— day of June, 1853, which showed that the instrument was acknowledged January 19, 1854, and was recorded in the record of deeds in Cherokee County on April 7, 1856, book L, page 232. The deed from Isaac T. Bean by William Y. Lacy as attorney in fact to David Snively was recorded in book L, on pages 233 and 234 of said records. This is claimed to be conclusive evidence that Lacy acted under this power of attorney. The power conferred by this instrument was "to ask, demand, receive, sue and receipt for all moneys, goods, chattels, lands, tenements, and hereditaments which may be due and owing to said Isaac T. Bean as the sole heir of Peter E. Bean, deceased, and the said Lacy is further authorized to exercise his discretion in the settlement of any disputes, controversies or suits that are now or may hereafter arise, concerning of or in relation to the above property by compromise or otherwise as may seem just and right to him." There is no construction by which this instrument can be held to confer the power to sell land. But still a power may be presumed. The quantity of land conveyed amounted to many leagues and the consideration therefor was very large. Isaac T. Bean lived until July 5, 1899, when he died in Bell County not a great distance from the land in controversy. He never claimed it or paid taxes thereon after the conveyance to Snively. He had been solicited a number of times to give authority to bring suit for the land and had declined to do so, offering, however, to sell by quitclaim whatever interest he had. He and William Y. Lacy were brothers-in-law and they and David Snively were intimate with each other. Lacy was generally recognized as the agent of Bean in his land transactions. Power in Lacy to execute the conveyance to Snively being presumed, an outstanding title would be shown which would prevent the plaintiffs from recovering the land independently of the question of limitation, and the motion for a new trial on the ground of newly discovered evidence being addressed to that alone, becomes immaterial. The judgment of the court below will be affirmed.

*Affirmed.*