**REPUBLIC PRODUCTION CO. et al. v. LEE et al.**

**No. 2974.**

Court of Civil Appeals of Texas. Beaumont.

June 25, 1936.

Motions Granted July 8, 1936.

Williams, Lee, Sears & Kennerly and W. W. Moore, Jr., all of Houston, A. M. Huffman, of Beaumont, and E. A. Lindsey and Forse & Forse, all of Newton, for appellants.

Cooper K. Ragan, of Houston, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title by appellees, Mrs. Georgia Lee et al., against appellants, Republic Production Company et al., to recover the title and possession of the Joseph S. Cochran labor of land in Newton county containing 177 acres, and to recover damages for timber cut and removed from the land by appellants. Appellants answered by pleas of not guilty, etc.

Owning the title to the land, Moses Lee, in 1862, conveyed it to his two sons, J. R. and W. T. Lee. On the 13th of May, 1878, the following deed was executed and delivered to T. J. Windham by "James R. Lee, agent for W. T. Lee":

"The State of Texas, County of Newton.

"Know all men by these presents: That we, J. R. Lee and W. T. Lee, J. R. Lee of aforesaid State and County, W. T. Lee of aforesaid State and County of Jasper, for and in consideration of the sum of Four hundred dollars to us in hand paid by T. J Windham of aforesaid State and County, at and before the signing and delivery of these presents, the receipt of which we do hereby acknowledge, have granted, bargained and sold and do by these presents grant, bargain, sell, alienate transfer, convey and confirm unto him the said T. J. Windham, his heirs and assigns all of our right, title and interest in and to a certain tract, lot or parcel of land lying in aforesaid State and County, described as follows: Being the Joseph S. Cochran Labor lying on the West side of Big Cow Creek: (Here Follows Field Notes)

"To have and to hold, with all and singular the right, privileges and appurtenances belonging thereto, and we do by these presents warrant and defend the right and title to him and his heirs and assigns forever from us our heirs and from and against the claims of any and all persons claiming or pretending to claim the same or any part thereof.

"In testimony of which we hereunto sign our names on this the 13th day of May, A. D. 1878.

"James R. Lee,
and agent for W. T. Lee.

"The State of Texas, County of Newton.

"Before me, H. F. Wilson, a Notary Public, for and in County and State aforesaid, personally appeared James R. Lee for himself and as agent for W. T. Lee, the said J. R. Lee, being to me well known and acknowledged their signature to the foregoing deed of sale to T. J. Windham bearing date even herewith acknowledged the same to be done for all the purposes therein set forth. Given under my hand and seal of office on this the 13th day of May, 1878.

"H. F. Wilson, N.P.N.C.T."

This deed was duly filed for record on the 24th day of June, 1878. Appellants claim under a regular chain of title from and under that deed.

An undivided one-half interest in the land in controversy was the separate property of W. T. Lee, who died on the 19th day of April, 1907. Appellee Mrs. Georgia Lee was his surviving widow. Six of W. T. Lee's children survived him, and four of them are appellees herein.

At the conclusion of the evidence, the court overruled motions by both appellants and appellees for an instructed verdict, and submitted the case to the jury upon the following questions, answered as indicated:

"Question No. 1: Do you find from the preponderance of the evidence that W. T. Lee executed a power of attorney authorizing a sale and conveyance of the property in controversy?"

To which the jury answered "No."

"If you answer Question No. 1 'No', then you need not answer Question No. 2. If you answer Question No. 1 'Yes', then you will answer the following question:

"Question No. 2: From the preponderance of the evidence whom do you find was the person or persons to whom this power of attorney was executed?"

To which the jury answered ———.

"Question No. 3: What do you find from the preponderance of the evidence to have been the reasonable market manufactured value of the pine timber at the time of the cutting of the pine timber involved in this suit?"

To which the jury answered "$22.70."

On the verdict of the jury, appellees were given judgment for an undivided one-third interest in the land; that is, for two-thirds of the one-half interest of W. T. Lee, together with judgment for $1,299.77 for the manufactured value of 57,529 feet of timber, at the rate of $22.70 per thousand feet.

Appellants were adjudged to be the owners of an undivided two-thirds interest in the land in controversy.

■ It is our conclusion that the trial court erred in refusing to instruct a verdict in favor of appellants for all the land in controversy. The deed to T. J. Windham by James R. Lee for himself and as agent of W. T. Lee was an ancient instrument, and when this suit was filed had been of record in Newton county for 58 years. The presumptions inherent in this ancient instrument constituted affirmative proof that James R. Lee was the duly designated agent of W. T. Lee in its execution. This conclusion is supported by an unbroken line of authorities in this state. Simmonds v. Simmonds, 35 Tex.Civ.App. 151, 79 S.W. 630; O'Donnell v. C. R. Johns & Co., 76 Tex. 362, 13 S.W. 376; Harrison v. McMurray, 71 Tex. 122, 8 S.W. 612; Davis v. Pearson, 6 Tex.Civ.App. 593, 26 S.W. 241; Pearson v. Davis (Tex.Civ.App.) 37 S.W. 602; Garner v. Lasker, 71 Tex. 431, 435, 9 S.W. 332; Smith v. Swan, 2 Tex.Civ.App. 563, 22 S.W. 247; Skov v. Coffin (Tex.Civ.App.) 137 S.W. 450; Watrous v. McGrew, 16 Tex. 506; Dailey v. Starr, 26 Tex. 562; Hooper v. Hall, 35 Tex. 82; Johnson v. Shaw, 41 Tex. 428; Johnson v. Timmons, 50 Tex. 521; Veramendi v. Hutchins, 56 Tex. 414; Shinn v. Hicks, 68 Tex. 277, 4 S.W. 486; Rigsby v. Galceron, 15 Tex.Civ.App. 377, 39 S.W. 650; Bean v. Bennett, 35 Tex.Civ.App. 398, 80 S.W. 662; Ferguson v. Ricketts (Tex.Civ.App.) 55 S.W. 975. Of course, the presumption of power in James R. Lee to

execute the instrument for his brother was subject to rebuttal, but rebuttal evidence would have only made an issue of fact against the presumption. In support of this proposition, we cite Pearson v. Davis (Tex.Civ.App.) 37 S.W. 602, 603, where the court said:

"Defendants' title rests upon a deed from D. C. Hardee, by S. D. Hay, attorney in fact, to Sam Rowe, dated November 21, 1861, which conveyed 'all the right, title, and interest in the Margaret Edmonds land, situated in Young county.' * * * The two questions of fact involved in this assignment were before the court, and the court, having found for the defendants the land they claimed in their pleadings, must have considered and decided in favor of the presumption that arose out of this ancient deed, that the attorney in fact had the proper authority to execute it. The evidence was plainly contradictory. The presumption of authority was on one side, and Mr. Hardee's positive evidence [that he did not execute the power of attorney in issue] on the other, and it was the duty of the court to weigh the evidence, and judge of the credibility of the witnesses; and, having found in favor of the presumption, we must have some strong reason for setting aside his finding on a question of this kind."

In this case there was not a circumstance offered by appellees in rebuttal of the presumption that James R. Lee had power to execute the deed; in fact, every circumstance in the record supported the presumption. Thus: (a) From 1881 to the death of W. T. Lee in 1907, he and his brother, J. R. Lee, were partners in the operation of a sawmill within 12 or 14 miles of the land in controversy. From the 13th of May, 1878, the date of the deed in issue, to the death of W. T. Lee he never asserted any claim to the land in controversy. (b) Though appellees—at least, some of them—have lived in reasonably close proximity to the land during all these years, none of them asserted any claim to it until this suit was filed on the 29th of July, 1933, until after the death of both James R. Lee, who died July 5, 1931, and T. J. Windham, the grantee of the deed, who died less than 30 years ago. (c) Appellants and those through whom they hold, beginning with the rendition of the land for taxes by T. J. Windham in 1878, rendered it for taxes every year from 1878, in the name of the owner of record as of the date of

rendition, except for the years 1891–1898, when it was assessed to unknown owners. The tax collector of Newton county testified that no delinquent taxes were due against this property. (d) Appellees never rendered the land for taxes, and never paid any taxes thereon, and, as stated above, never asserted any character of claim whatever to this land or any of it prior to the institution of this suit. On this statement of the evidence, it is our conclusion that the jury's answer to question No. 1 is wholly without support.

It follows that the judgment of the lower court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

### On Rehearing.

Appellees have filed their motion herein, suggesting that they will not be able to strengthen their case on another trial, and that appellees and appellants have agreed on the following disposition of this appeal: (1) That the judgment reversing and remanding the cause to the lower court for a new trial be set aside; (2) that judgment be here rendered to the effect that appellants recover of and from appellees the land in controversy; (3) that the costs of the lower court and of this court be taxed against appellants.

Appellants have answered appellees' motion, concurring in the statements made by appellees, and in the relief prayed for by appellees, agreeing, on condition that judgment be rendered in their favor, to pay all costs of this appeal.

It is, therefore, ordered that appellees' motion, as summarized above, be in all things granted; that the judgment of reversal and remand be set aside; and that judgment be here rendered in favor of appellants that they recover of and from appellees the land in controversy, and that all costs incurred in this behalf be taxed against appellants.