### TERRY SMITH ET AL. v. ORANGE SWAN ET AL.

#### No. 121.

1. **Wills—Execution of Powers.**—R. was named as executor of the will of S., who died in 1847. The will gave R. power to sell certain realty, but did not exempt the executor from 'the control of the Probate Court. Both the act of 1846 and 1848 authorized the exercise by executors of powers of sale conferred by wills; confirmation was only necessary of such sales as had to be authorized by the court. Valid powers of sale given to executors by will are not revoked by the probate of the will, but may be exercised though the administration of the estate is not by other provisions of the will taken out of the Probate Court. R. therefore had power to sell and convey the land without the sanction of the court.

2. **Powers that Can Not be Delegated.**—The land was sold in 1855 by T., who assumed to act as attorney in fact of R., though no power of attorney was shown. A discretionary power of sale such as was given R. by this will can not be delegated by the donee or trustee to another. Negotiations and arrangements for a sale in all its details having been made by the trustee himself, he may commit the execution of acts which are merely mechanical to another, and this includes the mere act of executing and delivering a deed of conveyance when everything else is done by the trustee.

3. **Same—Supporting Evidence.**—A conveyance by one claiming to act as attorney in fact of the donee or trustee of such a power as this, where the sale was neither made nor ratified by the trustee, would be void; and in the case above supposed the production of the deed executed by the attorney in fact would not be sufficient evidence of title, but evidence would be required of the circumstances under which it was made, to authorize and sustain it.

4. **Presumptions—Lapse of Time—Acquiescence.**—In this case there was no direct proof of such circumstances, and T.'s deed was insufficient to convey title unless supplied by presumption. For a third of a century the land has been openly possessed, used, and enjoyed by claimants under T.'s deed, and appellants have not in any way asserted a claim to the property, which was theirs but for this conveyance. They must be held to have known of such claim, and to have acquiesced in it. The court below correctly presumed the existence of a valid power in T.

APPEAL from Harris.    Tried below before Hon. JAMES MASTERSON.

*O. T. Holt* and *J. M. Coleman,* for appellants. — 1. When an agent makes a deed to land without authority to do so, the ratification of the principal must be by deed; a mere assent or acquiescence is not enough. Acquiescence by parol to bind the principal must be by such acts as will operate as an estoppel in pais. Zimpelman v. Keating, 72 Texas, 318; 27 Texas, 123, 124.

2. Hiram G. Runnels, as to the power of sale vested in him by the will of Obedience Smith, was not the donee of a trust distinct from his statutory functions as executor, but he remains subject to the jurisdiction and control of the Probate Court. It was necessary that the Probate Court should approve and confirm sales made by Runnels as executor; and with-

out that the sale was incomplete, and the title did not pass.   Hart. Dig.,
arts. 1099, 1846; Pasch. Dig., arts. 1327, 1848; Sayles' Civ. Stats., arts.
2090, 2091a.

3. The doctrine, that one whose land has been conveyed by the unau-
thorized act of an agent, and who might by reasonable diligence have
known of the sale and claim and possession under it, will be presumed
from his silence after a long period of years to have ratified the sale, has
no application in an action of trespass to try title, where the owner relies
upon a legal and not upon an equitable title.   Moss v. Berry, 53 Texas,
632; 49 Texas, 602.

4. Runnels being the executor of an estate, occupying a position of
personal trust and confidence, as such could not delegate his authority to
sell and convey land by agent unless it was expressly so provided in the
will; and notwithstanding the lapse of time, no presumption will be in-
dulged that a void or illegal power of attorney existed.   Perry on Trusts,
secs. 402, 499, 602m, 602x, 779, 780; Hill on Trustees, 175; Will. on
Exrs., 2 Am. ed., 680; Dev. on Deeds, sec. 433, and authorities; Am. and
Eng. Encycl. of Law, 100, and authorities; 4 Kent's Com., 327; 1 Lewin
on Trusts and Trustees, 252 (sec. 2), 257; 128 Mass., 258; 36 N. H., 129;
Graham v. King, 50 Mo., 22; Boles v. Perry, 51 Mo., 451; Powell v.
Tuttle, 3 Coms., 497; Fuller v. O'Neil, 69 Texas, 349; 23 Texas, 565–570.

*Goldthwaite, Ewing & H. F. Ring*, for appellees.—1. Hiram G. Run-
nels was, as to the power of sale vested in him by the will of Obedience
Smith, the donee of a trust power, distinct from his common law or stat-
utory functions as executor.   The devisees of the will took subject to
this power, and as to them Runnels had authority, upon probate of the
will, to make the sales therein provided for, independently of the aid or
authority of any court.   Pasch. Dig., arts. 1324–1327; Stone v. Dorsett,
18 Texas, 709; Compton v. McMahan, 2 West. Rep., 186; 1 U. S. Gen.
Dig., 742; Evans v. Chew, 71 Pa. St., 47; Conklin v. Egerton, 21
Wend., 430; Powell on Devises, 149; Judson v. Gibbons, 5 Wend., 224;
Tainer v. Clark, 13 Metc., 226, 227.

2. The conduct of the appellants in long acquiescing in the opposing
claim, in failing to assert or perform any act of ownership while valuable
rights in many persons were springing up on the faith of their inertness,
in waiting until the last living witness of the transaction, itself a third of
a century old, had died, made it the duty of the court to apply every
reasonable presumption against them, and well warranted the presump-
tion that was indulged.   2 Whart. Ev., sec. 1338.

WILLIAMS, ASSOCIATE JUSTICE.—This was a suit by appellants, as de-
visees and heirs of devisees under the will of Obedience Smith, against a
number of defendants, to recover a tract of land which had belonged to

their testatrix and had passed to plaintiffs under her will, subject to the powers therein conferred upon her executor to sell it.

All of the defendants except appellee Orange Swan either defaulted or recovered judgment under the statute of limitations. Swan had no title by limitation, and judgment was rendered for him upon the strength of his title otherwise shown, and this is the occasion of the present appeal, in which the only questions presented relate to the correctness of that part of the judgment.

The titles exhibited by the parties were as follows:

Obedience Smith died in 1847, leaving a will, which was duly probated the same year in Harris County. Hiram G. Runnels was by the will made its executor, and duly qualified as such. The administration by him as executor was opened up in the County Court, and was never formally closed, some occasional orders being made, the last of which was in June, 1851.

The will contained the provision that the executor might cause certain lands in litigation, and such other as he might think proper, to be divided into town lots, and sell them for cash or credit, as he might elect; and further provided, that all the residue of the property of the testatrix should go to her children and grandchildren.

It is conceded that the property in controversy was embraced within the terms of the power given to the executor.

On April 21, 1848, the said Hiram G. Runnels caused the land of Obedience Smith to be divided into town lots, of which the property sued for was designated as lot 37, and subsequently the said lot 37 was subdivided by plat or map, recorded in Harris County records of deeds, into smaller blocks and lots.

On the 16th of March, 1855, B. F. Tankersley, in the name of Hiram G. Runnels, executed and delivered to A. N. Smith a deed having the formal requisites of a deed of conveyance, which was duly acknowledged before W. R. Baker, clerk of the County Court of Harris County, on May 8, 1855, and was duly recorded on the same day, purporting to convey from Hiram G. Runnels to A. M. Smith the lot 37 sued for by the plaintiffs, said deed reciting that it was executed for Hiram G. Runnels "by B. F. Tankersley, agent and attorney in fact;" also reciting a consideration paid of $105; and further reciting that the conveyance was made "by authority of the last will and testament of Obedience Smith, deceased." No power of attorney appears of record, and search and inquiry were unsuccessful in discovering one—B. F. Tankersley, A. N. Smith, W. R. Baker, and Hiram G. Runnels having all died before the commencement of this suit; the said Hiram G. Runnels having died about the year 1860, and the said W. R. Baker shortly before the commencement of this suit.

On March 17, 1855, A. N. Smith made a deed for the same property

to W. R. Baker and B. F. Tankersley, reciting a paid consideration of $155, which deed was recorded May 8, 1855. Tankersley died January 1, 1859. His heirs, on October 15, 1877, made a deed to W. R. Baker for the undivided half of the lot 37, reciting a consideration of $1000. This deed was recorded at the date of its execution.

It was further shown, that by the subdivision made by Runnels of the lot 37, that lot was divided into twelve blocks of six lots and two fractional lots each, and that there had been from and under Baker to the time of trial about 186 transfers of various dates, all reciting valuable considerations, and duly spread upon the county records, for different parts of the lot claimed under the deed from Tankersley; that all of the defendants, except those who did not answer, claimed under Baker by regular chains of transfer for their respective tracts, duly registered.

The defendant Swan connected himself with Baker by regular transfers, the first of which, conveying title out of Baker, was of date December 29, 1886. Swan only claims an interest of two-thirds in three lots of the subdivision.

It was shown, that about the year 1870 possession of lot 37 was taken for and under Baker, claiming through the Tankersley deed; that the property was parcelle‾ out and sold to various persons, a lot or so to each, the purchasers building homes upon it and buying on installments; that nearly all of the lot 37 was thus peopled, and the defendants were all in possession, and are conceded to have title by limitation, except Swan, who has never had possession.

Since Baker acquired the land he and those claiming under him have paid the taxes and exercised ownership in all the usual modes, and none of the devisees under the will of Obedience Smith have, until this suit was commenced, objected or in any way asserted claim to the land or paid any taxes upon it. Runnels, Tankersley, and Baker were intimate and were related to the devisees of Obedience Smith. Tankersley was a prominent lawyer in Houston and the legal adviser of Runnels.

In 1860 there was a suit for partition, to which all the devisees of Obedience Smith and W. R. Baker were parties, in which all the unsold portion of the lands of the testatrix were divided, not including that in controversy. The decree contained the following clause:

" By consent of parties it is agreed, that this decree shall not affect the rights of any of the parties hereto to any lands belonging to the estate of Obedience Smith which may have been illegally sold by the executor or any one purporting to act for him."

Upon this state of facts the question arises, did the deed from Tankersley, assuming to act as attorney in fact for the executor, pass to Smith title to the land ?

Appellants contend, that inasmuch as the will did not exempt the executor from the control of the Probate Court, no sale made by him under

the power conferred by the will was valid without confirmation by that court. Both the Act of 1846, under which the will took effect, and the Act of 1848, in force when Tankersley executed the deed, authorized the exercise by executors of powers of sale conferred by wills. Hart. Dig., art. 1101; Pasch. Dig., art. 1324.

The provisions of the statutes requiring confirmation of sales apply to such sales only as must be authorized by the court. Hart. Dig., art. 1099; Pasch. Dig., art. 1327. Valid powers of sale given to executors by will are not revoked by the probate of the will, but may be exercised, though the administration of the estate is not by other provisions of the will taken out of the Probate Court.

The court below, therefore, correctly held, that the will clothed Runnels with the power to sell and convey the land without the sanction of the court.

The next contention of appellants is, that the deed from Tankersley to Smith, assuming the existence of a power of attorney from Runnels to Tankersley, is void, because Runnels could not delegate the power of sale conferred upon him by the will.

It is undoubtedly true that a discretionary power of sale, such as that given to Runnels by this will, can not be delegated by the donee or trustee to another.

The negotiation of such a sale, and the arrangement of and agreement to all its details, must be done by the trustee himself. Acts which are merely mechanical or ministerial may be committed by the trustee to another; and this includes the mere act of executing and delivering the deed of conveyance where everything else is done by the trustee.

Where the trustee himself agrees upon and arranges the sale and settles all preliminaries involving the exercise of discretion, he may by agent perform the act of executing and delivering the deed. 1 Dev. on Deeds, 422, note 3; Hawley v. James, 5 Paige, 318.

Except in case of a deed thus executed, a conveyance by one claiming to act as attorney in fact of the donee or trustee of such a power as this, where the sale was neither made nor ratified by the trustee, would be void. And in the case above supposed, the production of the deed executed by the attorney in fact would not be sufficient evidence of title in the purchaser, but he would be required to produce evidence of the circumstances under which it was made to authorize and sustain it.

In the present case there was no direct proof of the existence of such circumstances; and the deed of Tankersley must be held insufficient to convey the title, unless such proof is supplied by presumption arising from lapse of time, possession held, ownership claimed and exercised under the deed, and from acquiescence of those adversely interested.

Had Runnels been the owner of the land, there can be no doubt that

the former existence and authenticity of the power recited in Tankersley's deed would be presumed upon facts much less cogent than those which this evidence discloses.    Harrison v. McMurray, 71 Texas, 122; O'Donnell v. Johns, 76 Texas, 362.

We think the further proposition may be asserted, that had no such deed as this been produced and the proof had shown such facts as these, coupled with a claim of ownership by Baker and his privies under a deed direct from Runnels, presumption of the execution of such a deed would be warranted. 2 Whart. on Ev., sec. 1353. Why, then, should not such a presumption be indulged of the existence of a power of attorney from Runnels to Tankersley, such as the law would authorize, empowering the latter to do the act of formally consummating a sale which the former had made? All the facts which were necessary to uphold the deed might exist in parol except the instrument conferring such a power, and the evidence of them therefore be more easily lost. If a writing may be presumed, why may not facts which would uphold it be supplied in the same manner?

It may be conceded that a court would not presume the existence of an unlawful power. But if the proof warrants the presumption of a power and an adequate legal one might have existed, such a power, rather than an illegal one, should be presumed.

It is objected by appellants, that there is no evidence that they have known of or acquiesced in the claim of Baker and others claiming under the Tankersley conveyance. The facts in the case admit of no other inference but that they did.

For more than a third of a century they have not in any way asserted a claim to the property, which was theirs but for this conveyance, and which all this time has been openly claimed, used, and enjoyed by the claimants under such conveyance.

They must be held to have known of such claim and to have acquiesced in it, because otherwise it is to be presumed that they would have raised some objection. The fact that Swan has not been in possession of the small portion of the property claimed by him can not alter the case. The whole was claimed and possessed by Baker sufficiently to support the presumption.

The court decided correctly in presuming the existence of a valid power in Tankersley to execute the deed, and in rendering judgment for defendant.

Its judgment is therefore affirmed.

*Affirmed.*

Delivered March 30, 1893.

Appellants having filed a motion requesting this court to file conclusions of law and fact upon which the judgment was based, the court regarding

the foregoing as a sufficient compliance with the law, adopted same as its conclusions, both upon the facts and the law applicable thereto.

Application to the Supreme Court for a writ of error was refused May 18, 1893.