OTTAKAR HAUSKA DE ZBRANIKOV ET AL. v. J. H. BURNETT.

No. 841.

1. **Foreign Wills—Registration—Act March 23, 1887.**—Since the passage of the Act of March 23, 1887, title to land in Texas, under a foreign will passes without probate, when the will with its foreign probate is duly registered in the deed record of the proper county.

2. **Same—Executor With Power to Sell—Bond—Order of Probate Court Not Necessary.**—If the will gives the foreign executor power to sell, but does not relieve him from giving bond, still he may sell without an order of court.

3. **Constitutional Law—Validating Act.**—The Act of May 2, 1893, validating sales of land in Texas made by a foreign executor without probate of the will in this State, is constitutional; the rule being, that the Legislature having had the power to authorize a sale of land by an executor without probate of the will, such sales may be ratified and made legal by legislative act.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Jones & Garnett,* for appellants.—1. If the will had been probated in Texas in July, 1891, the executors would not have had the power or authority to sell under the will, because more than four years had expired since the death of Pelegrini, and the probate of the will in New York in 1886; and if the will had been probated in Texas in July, 1891, by the express terms of the statute, the executors would not have been permitted to qualify as executors, or to receive letters testamentary, because more than four years had elapsed since the testator's death. Rev. Stats., arts. 1828, 1873.

2. The act of 1893 is retroactive, and therefore unconstitutional and void, for the reason, that when the executors attempted to sell to Stimpson in July, 1891, the will never having been probated in Texas, the sale was void, and left the property just as if no such sale had been attempted. At that time the executors could not sell without probating the will in Texas, and giving bond for their acts as executors. The devisees under the will relied on the rights and protection thus afforded them by the law. To hold that the Legislature could by an act in 1893 validate an act performed in 1891, which was void at the time performed, and thereby take from the devisees their property, it seems to us would nullify the provisions of the Constitution

prohibiting retroactive laws, and prohibiting the taking of a person's property except by due course of the law of the land.   Rev. Stats., art. 1870.

*James B. & Charles J. Stubbs,* for appellee.—1.  The act approved May 2, 1893, entitled, "An act to validate sales of real estate within this State made by foreign executors of wills, probated in any of the States of the United States," was constitutional, and validated the deed to Stimpson, and was not, as applied to that conveyance, retroactive in the sense of being unconstitutional.   Morris v. The State, 62 Texas, 729;  De Cordova v. Galveston, 4 Texas, 473;  4 Sayles' Civ. Stats., p. 388, note 18;  Treasurer v. Wygall, 46 Texas, 457;  Hamilton v. Flinn, 21 Texas, 713;  Grigsby v. Peak, 57 Texas, 147.

2.  Appellants were not entitled to recover, because they did not offer to restore the purchase money which the executors had received from their vendee, nor did they offer to return to appellee the consideration which he had paid.   Rodriguez v. Haynes, 76 Texas, 226;  Pearson v. Cox, 71 Texas, 246;  Turner v. Smith, 11 Texas, 620;  Howard v. North, 5 Texas, 291

PLEASANTS, ASSOCIATE JUSTICE. —The appellants sued the appellee in trespass to try title to 320 acres of land, situate in Harris County.   The plaintiffs and defendant claim title from a common source.   The plaintiffs claim title as legatees and devisees under the will of Antony Snider Pelegrini;  the defendant claims title under purchase from the executors of said will.   The suit was instituted on the 20th of February, 1894.   The testator was a resident of New York, and his will was duly probated in the Surrogate Court of the city of New York on the 14th of July, 1886;  and which probate proceedings, with the necessary certificate of the same, was duly recorded in the record of deeds for Harris County, Texas, on the 12th of August, 1891.   The will was never probated in Texas.   The executors are authorized and empowered by the will, for the purpose of paying debts of the testator, and certain specific legacies, to sell such portions of his lands in Texas, save and except a tract situated in Lampasas County, as may be necessary, in the judgment of the executors, and to make conveyances to the purchaser or purchasers.   And after the payment of his debts and the specific legacies bequeathed by the will, the testator bequeaths and devises the entire residue of his estate to the plaintiffs.   By a codicil, one of his executors is requested to revive, correct, complete, and edit and publish certain works, of which the testator is the author;  and provision is made for the expense of publication, out of the sale of the realty of his estate.   On July 13, 1891, the executors conveyed the lands to George A. Stimpson, of New York, for the recited consideration of $750, the payment of which was duly acknowledged.   This deed of conveyance was properly acknowledged, and was filed for record in the office of the clerk of the County Court of Harris County,

Texas, on the 12th of August, 1891. Stimpson conveyed to the defendant, July 16, 1891. Upon these facts, the District Court, without the intervention of a jury, rendered judgment for the defendant; and from that judgment the plaintiffs appeal to this court, and among other assignments of error make the following:

"The court erred in holding that the deed from Ornofrio Abruzzo and Adrien Bernard, as executors of the last will and testament of Antony Snider Pelegrini, deceased, to George A. Stimpson, and from said Stimpson and wife to defendant Burnett, conveyed the title to the land in controversy in this suit; because the will of said Pelegrini, under which the executors assumed to act, was never probated in the State of Texas, and the executors never qualified as such in Texas, and never had any right or power to act as such in Texas.

"This ruling was also erroneous, because no copy of said will and its probate was ever filed or recorded as a muniment of title, in Texas, until August, 1891, after the deed to Stimpson was made, and more than five years after the probate of the will in New York.

"The ruling was also erroneous, because in July, 1891, the date of the deed to Stimpson, even if the will had been probated in Texas, the sale by the executors would have been void, for the reason that they had never qualified in Texas as such executors by giving bond and taking the oath prescribed by law.

"The ruling was also erroneous, because the Act of the Legislature of the State of Texas, passed in 1893, undertaking to validate sales by foreign executors, even if constitutional, did not validate the deed of Stimpson; and the ruling was further erroneous, because said act, if applicable to this conveyance, was retroactive, unconstitutional, and void."

Prior to the Act of March 23, 1887, title could not be acquired to lands situated in this State under a foreign will, unless probate of the will was made here. But by that act a foreign will, which devises real estate, situated in this State, which, with its foreign probate, is duly registered in the deed record of the proper county, is placed upon the plane of a conveyance to land. And we take it, since the passage of that act, the probate here of a foreign will devising real property in this State is not essential to the acquisition of title to the property. The plaintiffs claim as devisees, and not as the heirs of the testator, and the will with its foreign probate having been duly recorded in the register of deeds for Harris County, should recover of the defendant, unless his title, derived through sale made by the executors of the will, is paramount to that of plaintiffs. The will gives power to the executors to sell the lands of the testator for the purpose of paying his debts and specific legacies, and other charges imposed upon his estate by the codicil to his will, but it does not relieve the executors from giving bond; nor does it oust the Probate Court of jurisdiction of the administration of the estate. And it is insisted by appellants, that for these reasons the power of sale could not be exercised by the

executors without the sanction and approval of the Probate Court; and that therefore the sale made to defendant's vendor, not having been made under an order of court, is void. But we do not understand this to be the law of this State. Where the will gives the executor the power to sell land, an order of sale from the court in which the estate is being administered is not necessary to make valid a conveyance from the executor, executed by him under the power conferred by the will. Smith v. Swan, 2 Texas Civ. App., and authorities therein cited. The Act of the Legislature of this State, approved May 2, 1893, provides as follows: "Any sale of real estate heretofore made by the executors of a will probated according to the laws of another State of the United States, having jurisdiction, and which will possesses the requisites to pass titles to real estate under the laws of this State; and where such will conferred upon the executors the power to sell the real estate so sold, independent of the Probate Court, and where such sale would have been valid and effectual to pass the title under the laws of this State had the will been probated in this State, is hereby validated." This act, by its terms, validates the deed of the executors to the land in controversy, and makes perfect and complete the defendant's title, unless, as appellants insist, the act is unconstitutional, because it divests the title, vested in plaintiffs by the will, before the passage of the act. The will gave power, as we have seen, to the executors to sell the land, and the plaintiffs are residuary devisees only; their right to the land was subordinate to the power of the executors to sell the land for the purpose of executing the trusts confided to them by the testator. It can not be questioned, we think, that the Legislature might have authorized the executors to make the sale which was made by them under the power given by the will, and dispensed with probate of the will in this State; and if this be so, then it is clear that the Legislature might by act subsequent to the sale validate such sale. An act which the Legislature might authorize to be done, if done without authority, may be ratified and made legal by the Legislature. De Cordova v. Galveston, 4 Texas, 470; Hamilton v. Flinn, 21 Texas, 713; Cool. Const. Lim., 5 ed., pp. 458–466.

None of the objections urged to defendant's title are in our opinion good, and the judgment must therefore be affirmed.

*Affirmed.*

Delivered May 2, 1895.