### E. W. DEAN ET AL. v. JOHN W. FURRH ET AL.

Decided January 13, 1910.

**1.—Trespass to Try Title—Boundary—Pleading.**

The plea of not guilty in an action of trespass to try title puts plaintiff on proof of his title, though the cause arises from dispute as to the boundaries between surveys claimed by the parties respectively.

**2.—Evidence—Will—Title.**

A will is not receivable in proof of title claimed under it without proof that it has been admitted to probate.

**3.—Same—Recorded Instrument.**

The Act of April 23, 1907, Laws 30th Leg., p. 308, admitting in evidence recorded instruments defectively acknowledged, has no application to wills and does not render them admissible, as links in the chain of title, where not admitted to probate, though recorded for ten years.

**4.—Will—Independent Executors.**

A will providing that the County Court assume no control over the estate save to admit the instrument to probate and record inventory, the executors being relieved from giving bond and authorized to convey land, constituted them independent executors, authorized to sell without bond or order of the probate court.

**5.—Executors—Conveyance.**

Where three executors, appointed by the will and qualifying, were author-

ized to convey land of the testator, all must join in such conveyance, and a deed by two of them was ineffective.

#### 6.—Limitation—Payment of Taxes.

Limitation cannot be shown by possession for five years under a recorded deed, without proof of payment of taxes.

#### 7.—Same—Charge.

A charge requiring proof, in support of the five years statute of limitation, that all taxes had been paid by the party claiming under the plea, was inaccurate, it being sufficient if they were paid by those whose estate he had acquired.

#### 8.—Limitation—Constructive Possession.

A charge on title by limitation, by actual possession to the boundaries shown by claimant's deed, was not applicable to the case of a deed made but two months before suit was brought.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*Jas. Turner* and *F. H. Prendergast,* for appellant.—A will is not admissible in evidence unless it has been probated. Lewis v. Ames, 44 Texas, 319; Holman v. Hopkins, 27 Texas, 38; Henry v. Roe, 83 Texas, 446; Naugher v. Patterson, 9 Texas Civ. App., 168; Paschal v. Acklin, 27 Texas, 174; Brundige v. Rutherford, 57 Texas, 22; Mills v. Herndon, 60 Texas, 353; Ryan v. Texas & P. Ry. Co., 64 Texas, 239.

In order to recover land under the five years limitation, the party asserting such title must show payment of taxes for five years. Kelly v. Medlin, 26 Texas, 48; Murphy v. Welder, 58 Texas, 235; Tarlton v. Kirkpatrick, 1 Texas Civ. App., 107; Adkins v. Galbraith, 10 Texas Civ. App., 175; Willis v. Burke, 7 Texas Civ. App., 239; Henderson v. Beaton, 1 Posey's U. C., 17; Cantagrel v. Von Lupin, 58 Texas, 570.

*Beard & Davidson,* for appellees.—The certified copy of the will was admissible. Winters v. Laird, 27 Texas, 616; McDaniel v. Weiss, 53 Texas, 263; Collins v. Warren, 63 Texas, 314; Herndon v. Robertson, 15 Texas, 594; House v. Faulkner, 61 Texas, 314.

The court did not err in admitting in evidence the will of Henry M. Hood, because the same had been actually recorded for more than ten years prior to the institution of the suit, and a certified copy thereof filed with the papers in the case. Rev. Stats., art. 2312; Acts of 1907, p. 308.

Under the facts in the case the charge was not prejudicial to the rights of either party, and an erroneous charge, if not prejudicial to appellant, is not cause for reversal. Holman v. Britton, 2 Texas, 305; Jones v. Thurmond, 5 Texas, 328; Carter v. Eames, 44 Texas, 548; Williams v. Conger, 49 Texas, 602; Blake v. Hamburg-B. F. Ins. Co., 67 Texas, 165; Smith v. Caswell, 67 Texas, 578; Blum v. Light, 81 Texas, 422.

The verdict is authorized by the evidence and the justice of the case was attained and under such circumstances the case should not

be reversed for harmless error. James v. Thompson, 14 Texas, 464; Devine v. Martin, 15 Texas, 31; Commercial Bank v. Jones, 18 Texas, 829; Hill v. Gulf, C. & S. F. Ry. Co., 80 Texas, 435.

WILLSON, Chief Justice.—The suit was by appellee Furrh against appellants Dean and wife and appellees M. J. Whelan and the Missouri, Kansas & Texas Railway Company, to try the title to fifty acres of the J. W. Croft survey in Harrison County, and for damages alleged to have been caused to appellee by appellants cutting timber growing thereupon. The petition was in the form ordinarily followed in such actions, but in addition to the usual allegations averred title to be in appellee by virtue of the five and the ten years statute of limitations. Appellants answered by a plea of not guilty and set up title in themselves to the land under said five and ten years statute of limitations. Appellee Whelan answered by a general denial, a disclaimer of any interest in the land, and specially that under a purchase thereof from appellants he had cut timber on the land of the value of $28.62, which he tendered in court for such disposition as the court might make of same. The railway company answered by a plea of not guilty, and adopted as its own the allegations in the answer of appellee Whelan. The verdict of the jury was in favor of appellee Furrh and against appellees Whelan and the railway company for the sum of $13.12 as the value of timber cut by them on the land. On this verdict the court rendered a judgment in favor of Furrh against Dean and wife for the land in controversy, and in favor of Furrh against Dean and his wife, Whelan and the railway company, for the sum of $13.12 as the value of the timber cut, and for costs. Dean and wife alone appeal.

*After Stating the Case as above.*—While it seems from the record the controversy on the trial in the main was one merely as to the boundary lines between parts of the Croft survey owned respectively by Furrh and the Deans, the effect of pleas of not guilty interposed by defendants in the suit was to require the plaintiff (Furrh) to prove that he had title to the land he sought to recover. Gaffney v. Clark, 118 S. W., 330. As links in his chain of title he offered, and the court over appellants' objection admitted as evidence (1) the will of H. M. Hood, Senior, dated April 10, 1864, naming his wife, Mary M. Hood, and A. B. Stone and T. C. Hood as executors; and empowering them at their discretion to sell any of the testator's real estate in Harrison County; and (2) a deed dated December 26, 1865, from Mary Hood and T. C. Hood as executors of said will, to F. M. Hearne, which Furrh contended conveyed the land in controversy. The objection urged to the admission of the will as evidence was that it did not appear ever to have been probated as was required by law. The decree, if one was made, establishing the will and admitting it to probate, was not offered as evidence. The rule seems to be that "without the probate, the will itself as a title to property . . . can not be received as evidence." Abbott's Trial Ev., sec. 59, p. 139; Ochoa v. Miller, 59 Texas, 461. Appellants contend, however, that without the probate the will was admissible under the provisions of

art. 2312, Sayles' Statutes, as amended by the Act approved April 23, 1907 (General Laws, p. 308). As so amended, said article declares that "every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the County Court, and which has been, or hereafter may be so recorded, after being proved or acknowledged in the manner provided by the laws of this State in force at the time of its registration, or at the time it was proved or acknowledged, or every instrument which has been or hereafter may be actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this State without the necessity of proving its execution; provided no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten years; provided, that the party to give such instrument in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three days before the commencement of the trial of such suit, and give notice of such filing to the opposite party or his attorney of record; and unless such opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged. And whenever any party to a suit shall file among the papers of the cause an affidavit stating that any instrument of writing, recorded as aforesaid, has been lost, or that he can not procure the original, a certified copy of the record of any such instrument shall be admitted in evidence in like manner as the original could be," etc. We do not think the effect of the statute quoted was to render admissible as a muniment of appellee Furrh's title a certified copy from the probate records in the office of the county clerk of Hood's will. The purpose of the Legislature in amending article 2312 as indicated, appears to have been, as recited in the emergency clause of the amendatory Act, "to relieve persons whose titles to their lands have been clouded by insufficient acknowledgments and proofs taken and made by ignorant and incompetent officers." Evidently the Legislature had in mind such instruments as deeds, bonds for title, mortgages, etc., the execution of which could be proved before notaries, court clerks and other officers, who could not be assumed always to be familiar with the requirements of the law in regard to the proof of such instruments, and whose official acts were evidenced by their certificates endorsed upon or attached to the instruments; and did not have in mind such an instrument as a will, the execution of which could be proved only in an open court before an officer who, it could be assumed, was familiar with the requirements of the law, and whose act was required to be evidenced by an order or judgment entered of record. The provisions of the article as amended furnish further evidence that it is not applicable to a will or copy of a will offered as evidence. For instance, to dispense with proof of the execution of the instruments referred to in the statute, the party who wishes to use same must have filed it "among the papers of the suit in which he proposes to use it." Such a requirement indicates that the Legislature had in mind an instru-

ment over which the party desiring to use it might have a right of possession and control. As to a will filed for probate he could have no such right, for the law requires that it shall, after it has been so filed, remain in the office of the county clerk. Sayles' Stats., arts. 1885 and 5351. Again, the statute provides that by filing an affidavit that an instrument it refers to was forged, the party contesting its admission as evidence may put the other party on proof of its execution. If a will has been duly probated, such an affidavit would not require a party desiring to use it as evidence to offer other evidence of its execution. An attack of that character on a will duly probated could be made only by a suit brought for the purpose. Its verity could not be attacked in a collateral proceeding. Halbert v. DeBode, 28 S. W., 58. Until it has been duly probated it is not admissible as evidence of title (Ryan v. Texas & P. Ry. Co., 64 Texas, 239; Sayles' Stats., art. 5352), and therefore it could not be rendered admissible, as a deed could be, when attacked as a forgery, by proof collaterally that it was duly executed. Again, by the terms of the statute, a copy of a deed is not admissible as evidence without proof of its execution, in the absence of an affidavit by the party offering the copy that the original has been lost or can not be procured by him, whereas a copy of a will and its probate duly certified is admissible in the absence of such an affidavit. Sayles' Stats., art. 5352. For the reasons suggested, we think the court erred in holding that the statute referred to authorized him to admit the will as evidence in the absence of the judgment probating it.

The admission as evidence of the deed from the executors to Hearne was objected to on the ground that it did not appear that they had authority to convey the testator's title to the land. Recitals in the will declared it to be the testator's desire that the County Court take no other action and assume no other control over his estate than to probate his said will and record an inventory of the property belonging to his estate. By the terms of the will the executors were exempted from giving bonds as such. They were expressly authorized to sell at their discretion any of the testator's lands situated in Harrison County. Each of them qualified by taking the oath prescribed by law for executors. Such being the facts as shown by the record, we overrule appellants' contention that the will was not an independent one, and, therefore, that the executors must have qualified as such by giving bonds and have been directed by the Probate Court to do so before they could sell land in Harrison County belonging to the testator. Giddings v. Butler, 47 Texas, 540.

But appellants' further contention that it appearing that each of the executors had qualified as such, the title of the Hood estate did not pass by the deed of two only of them, must be sustained. That a less number than all of the executors who have qualified can not by their deed convey the title of their testator to land seems to be the rule. 1 Sayles' Stats., art. 1990; Hart v. Rust, 46 Texas, 556; House v. Kendall, 55 Texas, 43; Wright v. Dunn, 73 Texas, 295; Eskridge v. Patterson, 78 Texas, 419.

The instructions of the court submitting as an issue for the jury a question as to appellee Furrh's title to the land by virtue of the

five years statute of limitations, is complained of on the ground that the evidence did not raise such an issue, and on the further ground that, if it did, the instructions were erroneous. The contention must be sustained on each of the grounds stated. There was no evidence tending to show that appellee Furrh had paid taxes on the land as required by said statute. The charge of the court in so far as it instructed the jury that "under the five years statute of limitations it is not necessary to show that all taxes during said time were paid by the party claiming under the plea," obviously was an inaccurate and misleading statement of the law. Doubtless the court meant to tell the jury that it would be a sufficient compliance with the requirement of the statute if it appeared from the evidence that Furrh and those whose title he had acquired, during the five years necessary to toll the statute, had paid all taxes chargeable against the land.

Complaint is made of the following portion of the court's charge: "If plaintiff bought the land by field notes showing metes and bounds and was in actual possession of the land occupying the parts under the Hood inclosure, the law would extend his possession to the boundaries of his deed, but if you find that at said time the land on the Croft survey, except that in the Hood inclosure, was in actual possession of the defendants, inclosed by a fence and claimed by them, then plaintiff could not recover the same under the statute of limitations." The part of the Croft survey claimed by appellants consisted of 400 acres described as in the shape of an "L," and not described by metes and bounds. On the ground urged by appellants, to wit, that it appeared without dispute that they were in actual possession of a part of the land claimed by them—we do not think the portion of the charge quoted is objectionable. But we are unable to see its applicability to any feature of the case made by the evidence. The land owned by appellee Furrh, the plaintiff below, was conveyed to him by deeds made in July, 1905. He commenced his suit by a petition filed September 25, 1905. It would seem that a question as to his right to claim to the boundaries of his deed by limitation did not arise by virtue of his actual occupancy during a period of two months of a part of the land it described.

The eighth and eleventh assignments are overruled. The others in effect have been disposed of by what has been said.

For the errors indicated, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*