AMES FAMILY SCHOOL ASSOCIATION, INC. *vs.* KIRBY S. BAKER.

Hampden.   September 18, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Mortgage,* Of real estate: validity. *Trust,* Construction of trust instrument: power of trustee.

A deed of land in 1924 to one as trustee, "with power to sell or mortgage . . . [the land] for the benefit of the trust," should be construed as authorizing the trustee to give a mortgage containing a power of sale in the event of default.

BILL IN EQUITY, filed in the Superior Court June 4, 1929, and described in the opinion.

The suit was referred to a master. Upon the filing of his report, there were entered, by order of *Greenhalge,* J., an interlocutory decree confirming the report and a final de-

cree dismissing the bill.  The plaintiff appealed from the final decree.

The case was submitted on briefs.

*L. J. Gordon,* for the plaintiff.

*C. D. Sloan,* for the defendant.

CROSBY, J.  This is a bill to restrain the defendant from foreclosing a power of sale mortgage upon real estate. The case was referred to a special master who filed a report, and an interlocutory decree was entered overruling the plaintiff's objections to the report and confirming the same.  A final decree thereafter was entered dismissing the bill with costs, from which the plaintiff appealed.

Before March 29, 1924, Eleanor W. Hale, president, and Eleanor Ames Hale, secretary and treasurer, of the plaintiff, owned individually the real estate described in the mortgage of the premises where the corporation conducted a school.  On that date they executed and delivered a quitclaim deed conveying the premises to themselves as trustees for the Ames Family School Association, Inc., subject to all encumbrances of record.  The deed contained the following recital:  " with quitclaim covenants with power to sell or mortgage said premises for the benefit of the trust."  This deed was duly recorded and contains the only record relating to the subject matter or terms of the trust.  On July 20, 1925, the mortgage in question and a note secured thereby for $18,000, payable to Henry L. Bowles on demand, with interest semiannually, were executed by the Hales, as trustees for the plaintiff, and by themselves individually.  The mortgage was in the usual form of a power of sale mortgage and was executed with the knowledge of the plaintiff's officers. It recites that the note " is given for the consideration of money advanced to pay the encumbrances on the property described herein."  The mortgage was duly recorded. The master found that no payments of interest or principal had been made on the note of $18,000 although frequent demands for the payment of interest were made.  On March 25, 1929, Bowles assigned the note and mortgage to the defendant for the purpose of fore-

closure, and in the following May such proceedings were commenced.

The only ground argued by the plaintiff for a reversal of the decree is that a power to execute a mortgage does not include authority to insert therein a power of sale in case of default. The power contained in the deed of March 29, 1924, was " to sell or mortgage said premises for the benefit of the trust." The question whether a power to mortgage does or does not authorize the insertion of a power of sale depends on the question whether or not such a mortgage is customary in the State or country where the land is situated.

In the early part of 1857 it was held in England that such a special power to a trustee to mortgage did not give him authority to insert a power of sale in the mortgage. *Clarke* v. *Royal Panopticon,* 4 Drew. 26. Four months later the case of *Bridges* v. *Longman,* 24 Beav. 27, was decided, holding directly the opposite and that a power in trustees to raise money by mortgage authorized a mortgage with a power of sale. This decision was followed in *Cook* v. *Dawson,* 29 Beav. 123, and again in *In re Chawner's Will,* L. R. 8 Eq. 569, where there was a direction in a will to trustees to raise money by mortgage; it was there said, " a power of sale is a necessary incident to a mortgage, and that when a testator says that a sum of money is to be raised by mortgage, he means it to be raised in the way in which money is ordinarily raised by mortgage, and therefore that the mortgage may contain what mortgages in general do contain, namely, a power of sale." See also *Leigh* v. *Lloyd,* 35 Beav. 455; *Russell* v. *Plaice,* 18 Beav. 21; *Cruikshank* v. *Duffin,* L. R. 13 Eq. 555.

It was said by Chancellor Kent in *Wilson* v. *Troup,* 7 Johns. Ch. (N. Y.) 25, 32, decided in 1823, that a power to mortgage includes a power to authorize the mortgagee to sell on default of payment " because the power to sell, is one of the customary and lawful remedies given to the mortgagee. It is a power which has been repeatedly regulated by statute, and is, therefore, known to the law, and is

in universal use." In *Capron* v. *Attleborough Bank*, 11 Gray, 492, it was held that an agreement to give a mortgage did not authorize the vendor to demand a mortgage containing a power of sale. This case was decided in 1858, and is relied on by the present plaintiff. It cannot be doubted that that case was rightly decided, but conditions both by statute and custom in this Commonwealth have so changed during nearly three quarters of a century that have elapsed since the decision that it can no longer be held to be the law, because such mortgages for many years have been recognized as one of the customary and lawful remedies given to a mortgagee. Mortgages with a power of sale have been repeatedly recognized and regulated by our statutes as shown by G. L. c. 183, §§ 21, 25, 27 (Appendix, Statutory Forms [5]); c. 185, § 70; c. 244, §§ 11–17 inclusive. G. L. c. 204, § 6, originally St. 1873, c. 280, § 2, provides that "A mortgage given by an executor, administrator, guardian, conservator or trustee under license of court may contain a power of sale." Cases involving the rights of parties under power of sale mortgages have so frequently been considered by this court that it is unnecessary to cite them. It is sufficient to say that the parties in the present case had in contemplation a mortgage in common use and universally recognized by law.

*Decree affirmed.*