## JOHN HANCOCK MUT. LIFE INS. CO. v. DUVAL.

### No. 1561.

Court of Civil Appeals of Texas. Eastland.

June 5, 1936.

Rehearing Denied Sept. 11, 1936.

J. S. Kendall, of Munday, and Geo. A. Titterington, of Dallas, for appellant.

M. F. Billingsley, of Munday, for appellee.

GRISSOM, Justice.

E. Duval, as executor of the estate of Otelia Gwinn, filed this suit in trespass to try title against the appellant, John Hancock Mutual Life Insurance Company. The insurance company impleaded as de-

fendants H. K. Henry and wife, Nettie Henry, and Lloyd Brown, alleging that the insurance company had sold the land in controversy to the Henrys, that they had defaulted in the payment of the vendor's lien notes, asked for foreclosure, etc., and alleged that Brown was claiming some interest in the land, and that whatever right or interest Brown had in the land was inferior to the right and title of the insurance company. The trial resulted in a judgment in favor of the executor for title and possession of the land in controversy, and the insurance company has appealed.

The testatrix and her husband purchased the land in controversy from R. E. Fowlkes and wife, and executed vendor's lien notes in part payment for same. Mrs. Gwinn executed a will in which she recited that she owned the land in controversy and that she owed the vendor's lien notes heretofore mentioned. She directed. that her executor should take charge of the farm and rent it out from year to year "as to him shall seem best * * * and he is·authorized to execute extension agreement or make new deeds of trust necessary to take care of said indebtedness now against said farm." The will in considerable detail directed the executor to see to the education of testatrix' daughter. It provided: "And (I) direct that my executor save and preserve the revenue from said farm for the purposes above set out" and "my executor shall (have) full power and authority and I here direct him, that in case oil or gas or other minerals are discovered adjacent to my land, that he secure drilling or mining contracts if possible on said land, and have such oil, gas or minerals produced reserving one-eighth (⅛) royalty. He to use the proceeds of said ⅛ royalty for the purpose of paying the debts."

The third paragraph of the will reads as follows: "I name and constitute and appoint M. E. Duval of Munday, Texas, executor of my estate with reasonable bond not to exceed $2500.00. That he manage, control and direct said estate without orders from the Probate Court, except that I direct him to file with the Clerk of the Probate Court on Jan. 1st of each year report of condition of said estate, but notice thereof need not be given, but County Judge authorized to require said reports made as now provided by law."

The will was admitted to probate, and E. Duval qualified as executor.

The executor, in accordance with the express authority conferred in the will, executed a deed of trust to the appellant insurance company to secure the· payment of notes given by the executor to the insurance company in extension and renewal of the original purchase-money notes executed by the testatrix and specially referred to in her will. The insurance company became the owner of the original vendor's lien notes. The deed of trust by the executor expressly recites that the vendor's lien is to remain in full force and effect to secure the payment of the executor's notes. The deed of trust contained the usual provisions. Upon the trial it was agreed that "Jno. W. Eaheart, was regularly appointed substitute trustee to execute the powers conferred under said deed of trust to Frank R. Robinson, trustee, and that said substitute trustee, after advertising and posting notices of sale as required under said deed of trust, sold said 108½ acres of land, and executed a deed as substitute trustee to John Hancock Mutual Life Insurance Company dated April 5, 1932, for a recited consideration of $800 cash." We think the judgment decreeing the title and possession of the land in controversy to the executor and denying the insurance company judgment of foreclosure as against the cross-defendants cannot be sustained for two reasons:

(1) We construe the will as appointing E. Duval as independent executor of the estate with express authority to execute the deed of trust.

The will expressly directed that the executor take charge of the farm and rent it "as to him shall seem best." It provided that "he is authorized to execute extension agreements or make new deeds of trust necessary to take care of said indebtedness now against said farm." The will expressly authorized the executor to execute drilling or mining contracts and provided "that he manage, control and direct said estate without orders from the probate court, except that I direct him to file with the clerk of the probate court on Jan. 1st of each year report of condition of said estate but notice thereof need not be given but county judge authorized to require said reports made as now provided by law." We think it evident, when all provisions of the will are considered,

the testatrix intended that the probate court exercise no supervision over her estate further than required by law. Article 3436, R.S.1925. The fact that the executor was required to give bond does not preclude a holding that Duval was appointed independent executor. Stephens v. Dennis (Tex.Civ.App.) 72 S.W.(2d) 630, and authorities there cited; Martin v. Dial (Tex.Com.App.) 57 S.W.(2d) 75, 89 A.L.R. 571; Pierce v. Wallace, 48 Tex. 399, 401; Patten v. Cox, 9 Tex.Civ.App. 299, 29 S.W. 182, 184; Shook v. Journeay (Tex. Civ.App.) 149 S.W. 406, 412; Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145; Orr v. O'Brien, 55 Tex. 149, 156.

■ The provision that the executor was to file with the clerk each year a report of the condition of the estate likewise does not preclude a holding that Duval is an independent executor. Martin v. Dial (Tex.Com.App.) 57 S.W.(2d) 75, 79, 89 A.L.R. 571; Epperson v. Reeves, 35 Tex.Civ.App. 167, 79 S.W. 845.

■ If the provision "but county judge is authorized to require said reports made as now provided by law" required a contrary holding, it would be our duty to disregard this provision in order to give effect to the dominant intention of the testatrix to create an executor independent of the probate court, as such intention is disclosed by the entire will. However, the quoted clause does not necessitate such construction. The filing of an annual report of the condition of the estate was probably desired for the convenience of the creditors and heirs of the estate, as in the case of Epperson v. Reeves, supra, but the will did not require a hearing, nor permit the rejection or approval of such report by the probate judge. That no action upon the report by the court was intended is made manifest by a provision in the will that notice need not be given. Notice of the filing of annual accounts by executors showing the condition of the estate is required by statute when the executor is subject to the control of the probate court. Articles 3320 and 3321, R.S.1925. Without such notice the court would not be authorized to pass upon and either approve or reject the executor's exhibit showing the condition of the estate. This case is distinguishable, we think, from the authorities relied on by appellee, in that the basis for their holding is the authority of the court granted by the will to hear and determine the correctness of the report and either approve or reject it. In Hughes v. Mulanax, 105 Tex. 576, 153 S.W. 299, 300, the will expressly required the filing of an annual account and stipulated that the "annual reports shall be acted on by said court in the same manner as the annual reports of other executors and administrators." The language of the will in the instant case discloses an intention directly to the contrary. The case of Bain v. Coats (Tex.Com.App.) 244 S.W. 130, 133, is to the same effect as the Mulanax Case. The decision in each of the last two named cases is based on the proposition that the language of the will discloses the intention of the testator that the report be examined, audited, and either approved or disapproved. However, we think that when properly analyzed they are authority for a holding that if the provisions of the will are "tantamount to a direction by the testator to an independent executor [only] to file a report of all his acts," that is, that the report is merely to be filed and not to be passed upon by the court, "the probate court would have no power or duty to perform concerning the matter, except when specially invoked by the suit of an interested party." So construed they certainly support the present decision. "Where it is possible a will should be so construed as to harmonize [apparently] inconsistent and repugnant clauses or provisions so as to give effect to each." Martin v. Dial, supra; Dulin v. Moore, 96 Tex. 135, 70 S.W. 742; Faulk v. Dashiell, 62 Tex. 642, 50 Am.Rep. 542. Of course, the court would be authorized, whether it was so provided in the will or not, to require the executor, independent or otherwise, to comply with the express directions contained in the will. Article 3433, R.S.1925.

■ (2) Since the will expressly authorized the executor to execute the deed of trust in question, he had the legal right and authority to execute same without an order of the probate court; and this is true regardless of whether he was an independent executor.

In De Zbranikov et al. v. Burnett, 10 Tex.Civ.App. 442, 31 S.W. 71 (writ ref.), the Court of Civil Appeals, in an opinion by Judge Pleasants, said: "The will gives power to the executors to sell the lands of the testator for the purpose of paying his debts and specific legacies and other charges imposed upon his estate by the codicil to his will, but it does not relieve

the executors from giving bond, nor does it oust the probate court of jurisdiction of the administration of the estate. And it is insisted by appellants that, for these reasons, the power of sale could not be exercised by the executors without the sanction and approval of the probate court, and that, therefore, the sale made to defendant's vendor, not having been made under an order of court, is void. But we do not understand this to be the law of this state. Where the will gives the executor the power to sell land, an order of sale from the court, in which the estate is being administered, is not necessary. to make valid a conveyance from the executor, executed by him under the power conferred by the will. Smith v. Swan, 2 Tex.Civ.App. 563, 22 S.W. 247, and authorities therein cited."

■ We think this conclusion is also authorized by the opinion of the Supreme Court in Faulk v. Dashiell, 62 Tex. 642, 50 Am.Rep. 542. In said case it was also held that, where the executor is authorized by the will to do a certain thing in order to carry out a particular object, a resort to the ordinary and usual methods to accomplish the object comes within the scope of the power given by the will.

■ Ames Family School Ass'n v. Baker, 273 Mass. 119, 173 N.E. 437, 72 A.L.R. 156, is authority for holding that, where an executor is authorized by a will to execute a deed of trust, he may insert in such deed of trust power of sale under the instrument, where the provision for sale is customary in the state where the instrument is executed. It is a matter of common knowledge that in Texas deeds of trust ordinarily contain the power of sale.

We are not unmindful of the fact that in the case of Faulk v. Dashiell, supra, the will created an independent executor, but in Jackson v. Templin (Tex.Com.App.) 66 S.W.(2d) 666, 670, 92 A.L.R. 873, 879, it was said: "The court is careful to state that Faulk v. Dashiell, supra, was decided on the finding that the language of the will disclosed an intention on the part of the testator to grant to the executor the power to mortgage, and Quisenberry v. J. B. Watkins Land-Mortgage Co., [92 Tex. 247, 47 S.W. 708] was decided on the same principle, viz., that the intention of the testator will control; and the court is again careful to note that *the question of the authority of an independ-*

*ent executor was not involved in those cases."* (Italics ours.)

The court further said: "Summarized, the great weight of authority is to the effect that the power of a trustee to mortgage the trust property depends entirely upon the terms of the instrument creating the trust."

As supporting the proposition generally, we call attention to the following cases: McNeill v. St. Aubin (Tex.Civ.App.) 209 S.W. 781; Tomlinson v. H. P. Drought & Co. (Tex.Civ.App.) 127 S.W. 262, 263; Becker v. American Nat. Bank (Tex.Civ. App.) 286 S.W. 889, 890; Prieto v. Leonards, 32 Tex.Civ.App. 205, 74 S.W. 41; Nations v. Neighbors (Tex.Civ.App.) 201 S.W. 691; Smith v. Swan, 2 Tex.Civ.App. 563, 22 S.W. 247; Roberts v. Connellee, 71 Tex. 11, 8 S.W. 626; Baker v. Hamblen (Tex.Civ.App.) 85 S.W. 467; Wright v. Heffner's Ex'rs, 57 Tex. 518; 14 Tex.Jur. § 414, p. 196; 13 Tex.Jur. § 186, p. 761. Underhill on Wills, p. 1120: "Independently of the statute, full powers to sell or otherwise alien, as fully as the testator could if living may be validly executed, tho' no license has been obtained from the court."

In the case of Iowa Loan, etc., Co. v. Holderbaum, 86 Iowa, 1, 52 N.W. 550, it was held that an order of court was not necessary for the execution of a mortgage by an executor where the power to mortgage was given by the will.

"The personal representative cannot, merely by virtue of his office, mortgage lands of his decedent, but authority to do so is frequently conferred by will. * * *" 24 C.J. § 696, p. 193.

"After a will is admitted to probate it is the law for the administration of the testator's estate, and a sale by virtue of a power conferred thereby is as complete an administration of the property and passes title thereto as effectually as if made under an order of court." 24 C.J. § 680, pp. 183, 184.

"* * * A testator's wishes and directions * * * as set forth in the will, must be followed, if possible, in all particulars. * * *" 23 C.J. 1172.

"Effect of Testamentary Directions. Where a testator has by his will given specific directions with respect to the course to be pursued in reference to encumbrances upon land, such directions

744

must govern the action of the representative." 24 C.J. § 621, p. 147.

"Of course if the power to sell is contained in the will no order of court is necessary in order to make the sale, the rule in this respect being the same as where an ordinary executor is administering the estate in court without independent power other than the power to sell." 13 Tex.Jur. § 194, p. 773.

Also see Stevenson v. Roberts, 25 Tex. Civ.App. 577, 64 S.W. 230; Coy v. Gaye (Tex.Civ.App.) 84 S.W. 441; Brosnan v. Kramer, 135 Cal. 36, 66 P. 979; Glover v. Coit, 36 Tex.Civ.App. 104, 81 S.W. 136; Nations v. Neighbors (Tex.Civ.App.) 201 S.W. 691; Holmes v. Sanders (Tex.Civ. App.) 51 S.W. 333; Dean v. Furrh, 58 Tex.Civ.App. 495, 124 S.W. 431; Sparkman v. Davenport (Tex.Civ.App.) 160 S. W. 410, 414; Wilcox v. Alexander (Tex. Civ.App.) 32 S.W. 561; Baker v. Hamblen (Tex.Civ.App.) 85 S.W. 467; Thomson v. Shackelford, 6 Tex.Civ.App. 121, 24 S.W. 980; Holmes v. Johns, 56 Tex. 41; Orr v. O'Brien, 55 Tex. 149, 155; Danish v. Disbrow, 51 Tex. 235; Cooper v. Horner, 62 Tex. 356, 357; Ames v. Holderbaum (C.C.) 44 F. 224.

The judgment of the district court is reversed, and judgment rendered that the executor take nothing, and that the appellant have judgment foreclosing its liens against the defendants Henry and Brown.